142

## CIRCUIT COURT OF FAIRFAX COUNTY

Jerry D. Fairchilde

v.

Erickson et al.

### Case No. (Law) 87477

By JUDGE JACK B. STEVENS

May 25, 1989

This matter has been under advisement by the Court upon the Demurrers filed by the defendant, Christopher Schuller, individually and in his capacity as Executor of the Estate of Carlton Schuller, and by the defendant, Elizabeth Daugherty, M.D., to the Amended Motion for Judgment. For the reasons that follow, the Demurrers are granted, without leave to amend, and the Motion for Judgment is dismissed with prejudice as to these defendants.

Count I, consisting of twenty-four typed pages, constitutes a plethora of allegations centered around the central theme that these defendants, among others, have engaged in "outrageous conduct" directed toward depriving the plaintiff of his "rights" as a father. The allegations do not state a cause of action in Virginia, there being no action for "outrageous conduct" or "conspiracy" to do the acts alleged and the allegations being insufficient to state a cause of action for intentional infliction of emotional distress.

Count II fails to specify the exact words of defendant Daugherty alleged to constitute a "libel" or "slander" and fails to allege facts sufficient to override the common law privilege or the privilege afforded by § 63.1-248.5.

Count II also fails to allege a "prosecution," a necessary element in a "malicious prosecution" action. While a demurrer admits all facts well pleaded, *Duggin v. Adams*, 234 Va. 221 (1987), it does *not* admit the correctness of the conclusions of law stated by the pleader nor admit inferences or conclusions from facts not stated. *Yellow Cab v. Transportation, Inc.*, 207 Va. 313, 318-19 (1966).

Count III, while purporting to allege a cause of action based upon violations of civil rights acts, fails to allege that these defendants acted "under color of state law." Further, the allegations are insufficient to constitute violations of the civil rights acts without regard to allegations of "color of state law."

This being an Amended Motion for Judgment, the Demurrers filed here are sustained *without* leave to amend, and the Motion for Judgment is to stand dismissed with prejudice as to these defendants.

### July 25, 1989

This matter is before the Court on the Demurrer of defendant, Anna Schuller, to the Amended Complaint. Plaintiff, Jerry D. Fairchilde, has not filed a response to the demurrer. For the reasons set forth below, the demurrer is sustained.

On May 25, 1989, this Court issued a letter opinion in which it ruled on the demurrers of defendants Christopher Schuller, individually, and in his capacity as executor of the Estate of Carlton Schuller, and Elizabeth Daugherty, M.D. The Court's letter opinion granted the demurrers, without leave to amend, and dismissed the Motion for Judgment with prejudice as to these defendants.

As to Counts I and III, the Court concluded that:

The allegations do not state a cause of action in Virginia, there being no action for "outrageous conduct" or "conspiracy" to do the acts alleged and the allegations being insufficient to state a cause of action for intentional infliction of emotional distress . . . .

Count III, while purporting to allege a cause of action based upon violations of civil rights acts, fails to allege that these defendants

acted "under color of state law." Further, the allegations are insufficient to constitute violations of the civil rights acts without regard to allegations of "color of state law."

May 25, 1989, letter opinion, *supra*.

The allegations set forth in Counts I and III against Anna Schuller are identical in most instances and substantially similar in the remaining, to those alleged against Christopher Schuller, individually, and in his capacity as executor of the Estate of Carlton Schuller, and Elizabeth Daugherty, M.D.

The Court concludes for the same reasons set forth in the May 25, 1989, letter opinion that the allegations against Anna Schuller do not state a cause of action in Counts I and III. Accordingly, the demurrer is sustained without leave to amend, and the Motion for Judgment is dismissed with prejudice as to Anna Schuller.