## CIRCUIT COURT OF WISE COUNTY

Thomas S. Hall, Jr.

v.

Dominion Bank, N.A.,
Esker B. Broyles, Jr.,
Cleo Gilbert Gross, Jr., and
Global Investigations, Inc.

March 18, 1994

Case No. L92–503

BY JUDGE JAMES C. ROBERSON

I have reviewed the pleadings, memoranda and arguments of counsel and make the following decision.

### Proceedings

The plaintiff, Thomas S. Hall, Jr., filed his motion for judgment on September 25, 1992, against the defendants, First Exchange Bank (formerly Dominion Bank, N.A.), Esker B. Broyles, Jr., Cleo Gilbert Gross, Jr., and Global Investigations, Inc., for false imprisonment and malicious prosecution. (Count II.)

By order dated October 16, 1992, defendants were granted leave to file responsive pleadings on or before November 16, 1992.

On November 16, 1992, Bank filed its grounds of defense and a demurrer alleging that "plaintiff's motion for judgment fails to state a cause of action against Dominion . . . ."

On November 16, 1992, the defendants, Global, Broyles and Gross, filed their grounds of defense.

On January 4, 1993, plaintiff, Hall, moved the court to dismiss the demurrer and gave notice for a hearing on February 16, 1993.

On February 10, 1993, defendants, Global, Broyles and Gross, filed a motion for leave to file a cross-claim against Bank.

On March 2, 1993, defendant, Bank, filed a motion to deny the motion of Global, etc., defendants, to file a late cross-claim.

On February 16, 1993, counsel for defendant, Bank, and counsel for plaintiff, Hall, appeared in court in Wise and argued the demurrer filed by Bank. Counsel for defendants, Global, Broyles and Gross, was unable to attend.

Counsel for the parties were requested to file letter memoranda on the issues involved.

On March 3, 1993, counsel for defendant, Bank, filed a memorandum dated March 1, 1993, in support of its demurrer and in opposition to co-defendant's motion to file late cross-claim.

On May 26, 1993, counsel for plaintiff, Hall, filed a memorandum letter dated May 24, 1993, in reply to Dominion Bank's brief.

On June 1, 1993, counsel for defendant, Bank, filed a responsive memorandum dated May 27, 1993.

On June 1, 1993, counsel for plaintiff, Hall, filed a letter memorandum dated May 31, 1993.

On June 10, 1993, by letter dated June 7, 1993, counsel for defendant, Bank, filed a response to Hall's letter of June 1, 1993.

### Discussion and Authorities

A. *Demurrer*

The Code of Virginia provides in § 8.01–273:

> In any suit in equity or action at law, the contention that a pleading does not state a cause of action or that such pleading fails to state facts upon which the relief can be granted may be made by demurrer.

Rule 1:4(d) of Rules of Virginia Supreme Court provides:

> Every pleading shall state the facts on which the party relies in numbered paragraphs, and it shall be sufficient if it clearly informs the opposing party of the true nature of the claim or defense.

The demurrer of Dominion Bank to Hall's motion for judgment states:

> Plaintiff's motion for judgment fails to state a cause of action against Dominion in that plaintiff attempts to allege theories of false imprisonment and malicious prosecution; however, the facts as alleged by plaintiff indicate the plaintiff's arrest and prosecution occurred after the crime by the plaintiff had been committed and the arrest and imprisonment allegedly instigated by Broyles and Gross were not for the prosecution of Dominion's property and interests.

In his motion for judgment, Hall alleges that on April 30, 1992, while working as agents of Dominion, the defendants, Broyles and Gross as employees of defendant, Global, attempted to repossess a vehicle at Hall's premises. Hall ordered the defendants off his premises. Hall alleges that defendants, Broyles and Gross, maliciously appeared before a magistrate and procured two warrants of arrest for Hall on the charge of pointing a firearm in such manner as to reasonably induce fear. On June 3, 1992, Hall was arrested and caused to give bond in lieu of confinement to secure his appearance for trial in Wise County General District Court. Hall alleges that on June 9, 1992, all charges were dismissed on sustaining a motion to strike the Commonwealth's evidence.

Hall alleges that the action of the defendants, Broyles and Gross, resulted in malicious prosecution and false imprisonment.

In paragraph III of Hall's motion for judgment, he alleges:

> The defendants, Cleo Gilbert Gross, Jr., and Esker B. Broyles, Jr., were at all times relevant hereto, agents, servants and/or employees of Global Investigations, Inc., and were acting as agents, servants and/or employees for defendant, Dominion Bank, N.A., and in their individual capacities.

In paragraph XIII of Hall's motion for judgment, he alleges:

> As a direct and proximate result of the action of defendants, Esker B. Broyles, Jr., and Cleo Gilbert Gross, Jr., individually and as agents and employees of defendant, Dominion Bank, N.A., and defendant, Global Investigations, Inc., acting within the scope of their employment and agency, plaintiff was greatly injured in his reputation and credit in the community and was subjected to public scorn and ridicule and was caused great mental anguish and anxiety.

In Bank's memorandum filed March 3, 1993, Bank states that its demurrer should be sustained because Hall's motion for judgment fails to state a cause of action in that as a matter of law, the doctrine of respondent superior does not apply.

Dominion Bank cites *Manuel v. Cassada*, 190 Va. 906 (1950), for the proposition that Bank is not responsible for the acts of defendants, Broyles and Gross, under the doctrine of respondeat superior unless the act was done in the course of the servants' employment *in furtherance of the master's business*. "In determining whether a particular act was done in the course of a servant's employment, it is proper to inquire whether he was *at the time serving his master . . . .* The doctrine of respondeat superior applies only when the relation of master and servant is shown to exist between the wrongdoer and the person sought to be charged for the result of some neglect or wrong *at the time and in respect to the very transaction out of which the injury arose.*" *Manuel, supra,* 190 Va. at 913.

In *Manuel*, the Virginia Supreme Court held that the owners of a garage were not responsible for the acts of their agent or employee in swearing out a warrant because the employee was not acting in the *furtherance* of his master's business when he had the plaintiff arrested for larceny.

Bank argues that the facts alleged in the present motion for judgment show that in obtaining warrants for plaintiff, Hall's arrest for pointing a firearm in such a manner as to induce fear, that Broyles and Gross were not acting in an effort to recover the car upon which the Dominion Bank alleges a lien, but they were acting in their own accord for the *vindication of justice*.

In *Manuel, supra,* at 912–13, the Supreme Court stated:

> The applicable principles are well settled. "Generally, the duty of superintendence does not carry with it the duty to arrest or prosecute. The inference of authority to do either does not arise from the mere fact of agency. The trend of decision is against holding the principal liable when the arrest has been made after the supposed crime had (*sic*) been committed and not for the protection of his property and interests. In such cases, the agent has been presumed to have acted on his own account, for the vindication of justice."

Defendant, Bank, further argues that its demurrer should be sustained because plaintiff, Hall, merely pleads the legal conclusion that in swearing out the arrest warrants against Hall, Broyles and Gross were acting within the scope of their authority as agents, servants, or employees of Dominion.

Bank contends that Hall failed to allege *facts* which, if proven, would establish that in swearing out the warrants, Gross and Broyles were acting in furtherance of Bank business by aiding in the recovery of the vehicle upon which Bank has a lien. Bank argues that Broyles and Gross were acting on their own accord for vindication of justice.

Bank further argues that no facts were alleged by plaintiff which if proven would establish that defendants, Broyles and Gross had either express or implied authority to instigate criminal prosecution against Hall.

In Virginia, the question of legal sufficiency of a pleading is not directed to the truth of facts themselves but to whether the facts as presented state a cause of action. The demurrer admits *facts* well pleaded and inferences properly drawn from the facts alleged. These admissions, however, are only for the purpose of decision on the demurrer. The demurrer does not admit other inferences drawn nor *conclusions of law* stated by the opposing party. *Virginia Civil Procedure*, Boyd, Graves and Middleditch, "Demurrer," § 8.2, p. 332 (emphasis added) citing *Burns v. Board of Supervisors*, 218 Va. 625, 280 S.E.2d 823 (1978).

Bank cites *Yoder v. Givens*, 179 Va. 229, 18 S.E.2d 380 (1942), and *Arlington Yellow Cab Co. v. Transportation, Inc.*, 207 Va. 313, 149 S.E.2d 877 (1966), for the proposition that under Virginia law, a demurrer admits the truth of each *fact* well pleaded, but it does not admit any statement, inference, or conclusion of law.

Instead of alleging a conclusion of law that defendants were agents, servants, or employees acting within the scope of their employment or authority, the pleadings must allege *facts* which if proven, would establish agents, servants, or employees acting within the scope of their employment (scope of general purpose for which employed) in furtherance of the business of the master.

In applying the rules of court, statutes and case law to the sufficiency of the plaintiff's pleadings to withstand the defendant's demurrer, the court finds that the plaintiff, Hall, fails to allege *facts*, which if proven, would establish that when defendants, Broyles and Gross did

act resulting in the arrest and prosecution of Hall, defendants were acting as agents, servants or employees of Bank within the general scope of the purposes for which they were employed and in furtherance of the Bank's business.

Accordingly, the demurrer should be sustained both as to Count I (false imprisonment) and Count II (malicious prosecution).

**B.** *Motion to Amend Pleadings to Allow Cross-Claim by Other Defendants Against Defendant, Bank*

On February 10, 1993, the defendants, Global Investigations, Inc., Broyles and Gross, moved the court for leave to file a cross-claim against the defendant, Bank, by amendment.

The file indicates that the motion for judgment filed by Hall was served on the Bank on September 29, 1992; on Cleo Gross, Jr., on September 9, 1992. The file does not show service of process on the other defendant, but by leave of court by order entered October 16, 1992, the time was extended to November 16, 1992, within which responsive pleadings as to any defendants may be filed.

On November 16, 1992, defendant, Bank, filed its grounds of defense and demurrer.

On November 16, 1992, the defendant, Global Investigations, Inc., Cleo Gilbert Gross, Jr., and Esker B. Broyles, Jr., filed grounds of defense by counsel.

The defendant, Bank, objects to allowing the other defendants to file a cross-bill against it.

Rule 3:9 of the Rules of the Supreme Court of Virginia governs filing a cross-claim. It provides in part:

> A cross-claim shall, subject to the provisions of Rule 1:9, be filed within twenty-one days after service of the notice of motion for judgment on the defendant asserting the cross-claim.

Rule 1:9 referred to in Rule 3:9 provides in part:

> The time allowed for filing pleadings may be extended by the court *in its discretion*, and such extension may be granted although the time fixed already has expired.

Assuming that Rule 3:9 is applicable to the defendant, Global (who may not have been served with process but filed grounds of defense on November 16, 1992), the court generally is inclined to exercise its

discretion to allow a cross-claim to be filed by the other defendants against defendant, Bank, (1) if Hall's claim against the Bank remains pending after the Bank's demurrer is sustained, and (2) the defendants offer a reasonable excuse for delay in filing a cross-claim.

*Decisions*

1. The demurrer filed by the Bank is sustained as to Count I (false imprisonment) and Count II (malicious prosecution) for the reasons stated in this letter opinion. Plaintiff, Hall, is granted leave to amend its pleadings, of so inclined, within twenty-one days of the entry of the order sustaining the demurrer. If Hall fails to amend his pleadings within twenty-one days, his motion for judgment shall be dismissed as to the Bank.

2. The court will defer ruling on the motion of the other defendants to file a cross-claim against the defendant, Bank, until Hall elects to amend his pleadings. If Hall does not amend his pleadings, then no cause of action shall be pending against the Bank and Rule 3:9 pertaining to cross claims would not be applicable.

If Hall amends his pleadings and the Bank remains a defendant, then the court will reconsider the other defendants' motion to file a cross-claim in light of the amended motion for judgment and Rule 1:9. Counsel for Global, Broyles and Gross could then file a cross-claim within twenty-one days of service of the amended pleadings upon them without leave of court under Rule 3:9 and their original motion to amend would be moot.