# CIRCUIT COURT OF ROCKINGHAM COUNTY

Harrisonburg Plaza, Inc.

v.

Saam, Inc.,
t/a Mattress King

December 20, 1999

Case No. CH 99-17619

BY JUDGE JOHN J. MCGRATH, JR.

This case is before this court on Complainant's motion for a temporary restraining order against Respondent and on Respondent's Demurrer to Complainant's Bill of Complaint. The facts of this case are undisputed and are as follows. In 1993, Saam, Inc., t/a Mattress King, signed a three year lease with Complainant, Harrisonburg Plaza, for a store in the Skyline Village shopping center in Harrisonburg. The lease provided for three-year renewals, at the option of the Respondent, Saam, Inc.; it also contained a "non-compete" clause that prohibited respondent from opening another store or moving to another location within three miles of Skyline Village in the event that Respondent broke the lease. Furthermore, the lease stated that the rent would go up each time it was renewed. Section 2.04 of the lease provides that a renewal must be exercised "by delivery to Landlord from Tenant of an unequivocal written notice of Tenant's election to renew ... ."

In August 1995, Complainant sent Respondent a letter inquiring whether or not Respondent was going to renew its lease. Respondent returned a written verification that it intended to renew the lease for the next three-year period, commencing in August of 1996 and ending in August of 1999, and in return, Complainant sent Respondent an acknowledgment letter stating that the lease had been renewed. In August 1998, however, Respondent sent Complainant

a letter stating "This letter shall serve as notice of our intent to renew the above referenced lease under renegotiated terms. Please call me at your earliest convenience so that we may discuss this further." At the end of August 1999, Respondent sent Complainant a letter stating that since the lease had not been renewed, it would expire on August 31, 1999. Furthermore, they notified Complainant that they wanted to remain at their current location and pay on a month-to-month basis "until a new lease can be renegotiated." In mid-September, Respondent notified Complainant that since the lease had not been renewed, they intended to vacate the property by the end of October 1999. Subsequent to this letter, Complainant notified Respondent that the lease had, in fact, been renewed and that Respondent was expected to comply with its terms. Respondent has since vacated the premises and moved to another location, down the street from Skyline Village, but within the three miles prohibited by the non-compete clause of the lease. Complainant has filed a Bill of Complaint and a temporary restraining order, requesting the court to order, among other things, that Respondent comply with the lease provisions. Respondent has filed a Demurrer to the Bill of Complaint.

Complainant asserts that the lease was renewed by virtue of the August 1998 letter written by Respondent. Further evidence of this renewal, they claim, is the fact that Respondent paid the higher, renewal rate of rent in September, October, and November of 1999. Respondent claims that the August 1998 letter did not act to renew the lease; they assert that this letter was to inform Complainant that they wanted to renegotiate the lease, and without such renegotiations, the lease was not renewed. Respondent claims that in the months following the August 1999 "termination" of the lease, they were "hold-over" tenants. Respondent further claims that he, as president of the corporation, was not aware that they were paying a higher rent because the notice of the rent increase was sent to his billing department and they paid it without his notice. Respondent has filed a demurrer claiming that the complainant has an adequate remedy at law, therefore the equity court has no jurisdiction, and claiming that the bill of complaint fails to state a cause of action upon which relief can be granted because the lease was never renewed.

Taking these two contentions in order, this court will address the issue of whether this case has been properly brought on the equity side of the court. Respondent claims that this is simply a landlord-tenant issue and therefore is not equitable and should only be brought on the law side of the court. In support of this, he cites *Hancock v. Whitehall Tobacco Warehouse Co.*, 100 Va. 443 (1902). However, there is a distinct difference between the case at bar and many other "landlord-tenant" cases. This case involves a non-compete agreement that Complainant has alleged Respondent is violating. Assuming

*arguendo* that Respondent is in violation of that non-compete agreement, it would be appropriate for Complainant to seek an injunction to stop such conduct. In fact, the Supreme Court of Virginia has stated that "non-competition covenants ... will be enforced *in equity*." *Roanoke Eng'g Sales Co. v. Rosenbaum*, 223 Va. 548, 552 (1982) (emphasis added). Furthermore, once a court of equity accepts a case that properly belongs there, the equity judge can grant common law relief along with, or in lieu of, equitable remedies so that complete justice can be done. See *Fidelity & Cas. Co. v. First National Exch. Bank*, 213 Va. 531, 538 (1973). Therefore, this court finds that this case has been properly pleaded and that this equity court does have jurisdiction over it.

Moving now to the issue of whether the Complainant has stated a claim upon which relief can be granted, for purposes of ruling on the Demurrer, this court, under well established principles, must accept as true the allegations contained in Plaintiff's Motion for Judgment; however a court need only consider those facts which are properly pleaded; it does not have to consider allegations that are in the nature of conclusory allegations. See *Arlington Yellow Cab v. Transportation, Inc.*, 207 Va. 313, 319, 149 S.E.2d 877 (1966).

The Respondent's position is that its letter of August 31, 1998, is, as a matter of law, not the "unequivocal written notice" of renewal required by the lease, and therefore, as a matter of law, there was no renewal. The August 1998 letter states "this letter shall serve as notice of our intent to renew the above referenced lease under renegotiated terms." Respondent claims, however, that it did not intend to renew the lease and that the addition of the words "under renegotiated terms" conveys this intention to the Complainant. These words, however, did not convey that intention, the letter merely stated that the lease was to be renewed and that they wanted to renegotiate; it did not state that the lease would be renewed only if they renegotiated. The Complainant clearly pleads a viable cause of action; therefore, the Demurrer will be overruled.

The Complainant has requested a temporary restraining order to force Respondents to comply with the lease. Although this court has found that this case was properly pleaded in the equity side of this court, this court notes once again that once a court of equity accepts a case that properly belongs there, the equity judge can grant common law relief along with, or in lieu of, equitable remedies so that complete justice can be done. See *Fidelity & Cas. Co. v. First National Exchange Bank, supra.* In light of the foregoing, this court finds that a temporary restraining order is not appropriate at this time. Assuming *arguendo* that the non-compete clause is valid and binding, Complainants may recover monetary damages for breach of the contract which accrue before the

issuance of a permanent injunction. These damages should be adequate to cover the loss Complainant has sustained in this case.

The Clerk of the Court is directed to send certified copies of this order Stephen M. Blatt, Esq., Counsel for Complainant, and Bruce E. Arkema, Esq., Counsel for Respondent.