## CIRCUIT COURT OF ROCKINGHAM COUNTY

Phillip T. Hiers

v.

Cave Hill Corporation,
Walter M. Hopkins,
and Stacey Sinnett

January 6, 2000

Case No. (Law) CL99-117788

BY JUDGE JOHN J. MCGRATH, JR.

This case is currently before this court on Defendants' demurrers to all but Count One of Plaintiff's Motion for Judgment. For purposes of ruling on the demurrers, this court, under well-established principles, must accept as true the allegations contained in Plaintiff's Motion for Judgment; however, a court need only consider those facts which are *properly* pleaded; it does not have to consider allegations that are in the nature of conclusory allegations. See *Arlington Yellow Cab v. Transportation, Inc.*, 207 Va. 313, 319, 149 S.E.2d 877 (1966).

The alleged facts are as follows. In 1993, Plaintiff, Hiers, pursuant to a five-year fixed-term employment contract began to work for Atlantic Fabritech, a division of Defendant, Cave Hill. Around the beginning of 1998, Hiers and Defendant, Hopkins, the president and secretary of Cave Hill, began to negotiate a new contract. This contract, that was subsequently signed on

September 9, 1998, guaranteed Hiers employment with the company until August 2003, with a $25,000.00 yearly salary and a 5% annual cost of living increase. The contract further guaranteed that Hiers would approve and process all sales negotiations; for those sales quoted, processed, generated, and sold by Hiers, he would receive a 2% commission.

In July of 1998, Hopkins and Defendant Stacey Sinnett agreed that the company would hire Sinnett. Also in July 1998, Hopkins assured Hiers that he would supervise Sinnett and that all of Sinnett's negotiations and contracts would be approved and processed by Hiers. Sinnett was ultimately hired in September 1998 and in October was given the position of General Manager of Atlantic Fabritech. After obtaining this position, Sinnett began to set up sales networks separate from those established and used by Hiers and began to negotiate and approve sales contracts without Hiers' approval. Due to Sinnett's actions, Hiers was denied payment of commissions because he did not process and approve the sales. When Hiers complained to Hopkins, Hopkins told him, "I am the boss. I do not care about the contract." Between the months of October 1998 and May 1999, Sinnett "dismantled sales networks previously established by Hiers and replaced them with sales networks that answered only to Sinnett." During this time, Hiers made further complaints to Hopkins regarding this practice. In February 1999, Sinnett began to criticize and cite Hiers with accusations of inadequate job performance. Subsequently, in May 1999, Sinnett terminated Hiers' employment with Cave Hill and Atlantic Fabritech. This court will address each count of the complaint and each demurrer to it in order.

Count Two of Plaintiff's Motion for Judgment alleges fraudulent inducement by Cave Hill Corporation, and Count Three alleges fraudulent inducement by Hopkins. Plaintiff claims that in order to induce Hiers to enter into the contract, Hopkins falsely represented that Hiers would remain employed until 2003, that Cave Hill would allow Hiers to approve and process all sales negotiations and contracts, that Sinnett would be supervised by Hiers, and that Sinnett would have all of his sales negotiations and contracts approved and processed by Hiers. Plaintiff alleges that these were all misrepresentations and that they were made intentionally and knowingly. The same standards of law applies to both counts.

The Virginia Supreme Court has clearly stated that a claim for fraudulent inducement will not lie where there is merely a breach of contract, and not a misrepresentation that lies outside of the contract. *See Richmond Metropolitan Auth. v. McDevitt Street Bovis, Inc.*, 256 Va. 553, 507 S.E.2d 334 (1998). In *Richmond Metropolitan Auth.*, the Court found that because the claims for "fraudulent inducement" that the Plaintiff cited were actually material

breaches of the contract, there was only an action for breach of contract and not for the tort of fraudulent inducement. For a fraudulent inducement claim, there must be a breach of a common law duty, not a duty that exists merely because of a contract between the two parties. *Id.* In the case at hand, the plaintiff is alleging that Cave Hill's and Hopkins' "misrepresentations" included: stating that Hiers would remain employed until 2003, that Cave Hill would allow Hiers to approve and process all sales negotiations and contracts, that Sinnett would be supervised by Hiers, and that Sinnett would have all of his sales negotiations and contracts approved and processed by Hiers. Each of these "misrepresentations" is a material element in the employment contract. The contract, according to Plaintiff's own motion for judgment, guaranteed a term of employment (Motion for Judgment, ¶ 8), a salary, (Motion for Judgment, ¶ 9), and that Hiers would be allowed to approve and process all sales negotiations (Motion for Judgment, ¶ 10). Furthermore, the contract itself, Plaintiff's exhibit A, states that Hiers would "develop and coordinate all sales staff." These provisions cover all of the "misrepresentations" that Plaintiff alleges constitute "fraudulent inducement."

Secondly, Plaintiff has failed to void what he claims was a "voidable" contract; a contract that was formed due to fraudulent inducement is voidable and not void ab initio. According to Plaintiff's own Motion for Judgment, Plaintiff repeatedly complained to Hopkins that he was in violation of "the contract." One cannot rely on a contract and subsequently claim that he was "fraudulently induced" to enter into it. In Virginia, a contract fraudulently entered into is voidable; generally it must be voided when plaintiff discovers the fraud. See *Link Associates v. Jefferson Standard Life Ins. Co.*, 223 Va. 479, 291, S.E. 2d 212 (1982). However, if a plaintiff delays in voiding the contract and "the delay results from a reasonable expectation that the wrongdoer will fulfill the repeated assurances of its agent to grant the relief to which plaintiff is entitled," then such a delay will not amount to a waiver. *Id.* (citing *White v. American National Life Ins. Co.*, 115 Va. 305, 309-10, 78 S.E. 582, 583 (1913)). Plaintiff, relying on *Link* asserts that his delay in this case was based on such a reasonable expectation; however, Plaintiff's delay in disaffirming the contract in the case at bar cannot possibly fall under this exception to *Link*. *Link* requires that the delay result from "reasonable expectations that the wrongdoer will fulfill the *repeated assurances* of its agent." According to the Plaintiff's own allegations in his Motion for Judgment, there were no "repeated assurances" that Cave Hill would live up to the contract. In fact, Plaintiff alleges that when he first complained about the problem, Hopkins told him "I am the boss. I do not care about the contract." (Plaintiff's Motion for Judgment, ¶ 20.) Furthermore, Plaintiff

contends that the actions by Hopkins, Cave Hill Corp., and Sinnett went on for nine months; a reasonable person would conclude after only a few that this problem was not going to be remedied. Plaintiff did not disaffirm the contract, instead he accepted it and relied upon it until he was ultimately terminated.

Because Plaintiff has not alleged any "misrepresentation" or "fraudulent inducement" that lies outside of any duty owed under the contract and because Plaintiff failed to timely void what he claims is a "void" contract, Defendants' demurrers to Counts Two and Three will be sustained.

Count Four of Plaintiff's Motion for Judgment alleges "Conspiracy to harm in reputation, trade, business, or profession by Walter M. Hopkins and Cave Hill, Corporation;" Count Five alleges the same with regard to Stacey Sinnett and Cave Hill Corporation. Count Six alleges "Attempted to conspire to harm in reputation, trade, business, or profession by Stacey Sinnett." Plaintiff alleges that Hopkins and Sinnett acted for the purpose of injuring Hiers' business reputation, making it "difficult or impossible for him to find subsequent employment" in that field. Count Four alleges that Hopkins was acting outside of the scope of his employment and that Sinnett was acting within the scope of his employment. Count Five alleges that Hopkins was acting within the scope of his employment and that Sinnett was acting outside the scope of his employment. Defendant has stipulated that at all times both Hopkins and Sinnett were acting within the scope of their employment.

Defendants assert two bases on which this claim should be denied. First, Defendants claim that because Plaintiff is "complaining about nothing more than the loss or of injury to his employment" that the claim is not valid. In support of this contention, they have cited to a long "unbroken" line of federal district cases that have interpreted this very statute. This line of cases begins with *Federated Graphics Companies, Inc. v. Napotnik*, 424 F. Supp. 291 (E.D. Va. 1976), and continues through to include the 1989 case of *Jordan v. Hudson*, 690 F. Supp. 502 (E.D. Va. 1989), aff'd, 879 F.2d 98 (4th Cir. 1989). This long chain of cases makes it quite clear that a right of action under § 18.2-499 and § 18.2-500 is only valid when the conduct is directed at one's business, not a personal interest. Moreover, the federal courts have found that one's employment is a personal interest, not a business one. Federal courts have found that this doctrine applies to both corporations as well as those individual persons who own or operate his or her own business. See *Moore v. Allied Chem. Corp.*, 480 F. Supp. 364 (E.D. Va. 1979); *Welch v. Kennedy Piggly Wiggly Stores, Inc.*, 63 Bankr. 888 (W.D. Va. 1986). Plaintiff relies on a circuit court case and a Virginia Supreme Court case, *Greenspan v. Osheroff*, 232 Va. 388 (1986), that allowed damages to an individual for a violation of this statute. While the Circuit Court case, *Johnson v. Plaisance*,

25 Va. Cir. 264 (Charlottesville 1991) (Swett, J.), is persuasive, it is not binding on this court.

Furthermore, what *Johnson* and Plaintiff have both failed to note is that the Plaintiff in *Greenspan* was the owner of the business, Osheroff, Inc. When the Supreme Court of Virginia allowed damages in *Greenspan*, they were in accordance with the long chain of federal cases that have precluded recovery based on loss of employment. In *Greenspan*, Osheroff owned the business, and, as the federal courts have held, a business owner is entitled to recover for such damages; an individual, such as Hiers, claiming damages for loss of employment is not entitled to recover under this provision. This Court believes that federal precedent, although not binding, is correct in its analysis and adopts it for disposition of this demurrer.

The second ground that Defendants assert precludes Plaintiff's claim is that of intracorporate immunity. This doctrine states that since conspiracy requires two or more persons and a single entity, like a corporation, cannot conspire with itself, there cannot be a valid claim where it is alleged that an employee or agent of the corporation is alleged to have conspired with the corporation. See *Fox v. Deese*, 234 Va. 412, 428, 362 S.E.2d 699, 708 (1987). The Fourth Circuit in 1974 announced an exception to this immunity doctrine. See *Greenville Publishing Co. v. Daily Reflector*, 496 F.2d 391 (4th Cir. 1974); see also *Levine v. McLeskey*, 881 F. Supp. 1030 (E.D. Va. 1995), vacated in part on other grounds, 164 F.3d 21 (4th Cir. 1998). This exception states that if a person steps out of the scope of his or her employment and can be shown to have a "personal stake" in the matter, then they can be found to have conspired with their employer. *Id*. Although the Virginia Supreme Court has adopted the intracorporate immunity doctrine, it has not adopted this exception to this doctrine. In fact, as recently as 1996, the Court decided a case citing the intracorporate immunity doctrine, however they failed to even mention any exception to it. See *Charles E. Brauer, Inc. v. NationsBank of Va., N.A.*, 251 Va. 28, 466 S.E.2d 382 (1996). Aside from the fact that the Virginia Supreme Court has not adopted the exception, for it to be dispositive, either Sinnett or Hopkins would have had to have been acting outside the scope of his employment. Plaintiff has alleged in each count that one or the other was doing so, however he has no factual basis to back this up. A court, in considering a demurrer, must consider all facts which are properly pleaded; it does not have to consider allegations that are formed on facts not stated therein. See *Arlington Yellow Cab, supra*. The allegations of the Motion for Judgment show on their face that all of the acts being taken by the two employees were actions taken in their capacity as officers and employees of the corporation.

Plaintiff claims further that the claim against Sinnett should stand because he has alleged conspiracy before Sinnett was actually hired. Despite this assertion in court, Plaintiff's Motion for Judgment never alleges such. In fact, the actions alleged by Sinnett in the Motion for Judgment occur during or after October 1998. Sinnett was hired in September 1998.

Because Plaintiff has stated a claim based on loss of employment, not loss of a "business interest," and because the intracorporate immunity doctrine applies in this case to block this claim, the demurrers to Counts Four, Five, and Six will be sustained.

Finally, Count Seven of Plaintiff's Motion for Judgment alleges "Tortious Interference with Contract by Walter M. Hopkins," and Count Eight alleges the same with regard to Stacey Sinnett. In each count, Plaintiff alleges that the relevant defendant was acting "independently and for personal motives separate from Cave Hill's business and separate from the scope of his employment and corporate responsibilities with Cave Hill." These allegations, however, are not grounded in any sort of factual basis, and, as stated earlier, a demurrer does not admit "inferences or conclusions from facts not stated." See *Arlington Yellow Cab, supra*. Moreover, as noted earlier, Defendants have stipulated that both men were acting, at all times, within the scope of his employment. Plaintiff has alleged in ¶ 5 and ¶ 15 of his Motion for Judgment that both men were employees of Cave Hill. It is a well-settled rule of law that a person cannot interfere with a contract to which he is a party. See *Fox v. Deese, supra*. Furthermore, if an employee is acting within the scope of his employment, he is acting as an agent of his employer and cannot be labeled as "an interferer or third party." See *Haigh v. Matsushita Elec. Corp.*, 676 F. Supp. 1332 (E.D. Va. 1987). Because of this, the assertion that either defendant "interfered" with the contract between Cave Hill Corp. and Hiers is a legal impossibility. Neither of them could have interfered in a contract with Cave Hill while they were working as Cave Hill employees. Since there was no third party involved in this action, the allegations that either Sinnett or Hopkins interfered with this contract is not valid. In light of this, Defendants' demurrers to both Counts Seven and Eight are sustained.

In light of the fact that the demurrers to Counts Two through Eight have been sustained, this case will proceed on Count One alone. Since that count is only a breach of contract claim against Defendants Cave Hill Corp. and Hopkins and the demurrers to the only claims against Defendant Sinnett have been sustained, Plaintiff's Motion for Judgment against Sinnett is hereby dismissed.

The Clerk of the Court is directed to send certified copies of this order to A. Gene Hart, Esq., counsel for Plaintiff, Thomas E. Ullrich, Esq., counsel for

214

Defendant Stacey Sinnett, and Timothy E. Cupp, Esq., counsel for Defendants Cave Hill Corp. and Walter M. Hopkins.