512

■

# CIRCUIT COURT OF ROCKINGHAM COUNTY

Robert Parke Jones, III,
and Gwen M. Sampson

v.

Scott Hamilton Garber,
Kimberly B. Garber,
Sue Garber,
and Old Dominion Realty, Inc.

April 21, 2000

Case No. CL99-11895

■

BY JUDGE JOHN J. MCGRATH, JR.

This case is currently before this court on defendants' demurrers to each of the four counts in Plaintiffs' Motion for Judgment. Plaintiffs, Jones and Sampson are seeking damages for alleged fraud, constructive fraud, breach of contract, and failure to mediate arising out of a sale of land in Rockingham County. As always in considering a demurrer, the facts will be taken from the well-pleaded factual allegations of the Motion for Judgment. The facts of the case follow.

In December of 1993, Scott Garber and Kimberly Garber, husband and wife, bought a tract of land containing approximately twenty acres in Rockingham County. Prior to acquiring the property, the Garbers had the land tested for perk sites. After buying the land, the Garbers considered the idea of building a second or "spec" house on a subdivided part of the property; however, they decided not to do it due to some difficulties with perking.

Sometime before October 1995, the Garbers entered into a listing agreement with Old Dominion Realty for the purpose of listing the property for sale. Sue Garber, the mother of Scott Garber, was employed by Old Dominion Realty and acted as an agent for them in attempting to sell the Garber's property.

Prior to October 1995, Plaintiffs, Robert Jones and Gwen Sampson, entered into an agreement with Old Dominion Realty in which Old Dominion Realty was to act as a buyer's agent for them in connection with their purchase of real estate in Rockingham County. In mid-October, Sue Garber, acting as an agent for both the Garbers and the Plaintiffs, showed the Plaintiffs the property then owned by the Garbers. During the view of the property, Plaintiffs asked Sue Garber whether they "would be able to develop the property by subdividing off lots." (Motion for Judgment ¶ 9.) Ms. Garber, although she was fully aware of the previous perking problems, responded that they would have "no problem at all."

Relying on this information, Plaintiffs entered into a Residential Contract of Purchase dated October 24, 1995, with Scott and Kimberly Garber to purchase the property for $195,000. On a second visit to the property prior to the sale, the purchasers explained to Mrs. Sue Garber the importance to them of being able to divide off lots from the property to curtail "their debt." In response to this, Mrs. Sue Garber responded that there would be "no problem" subdividing the property. (Motion for Judgment ¶ 11.)

In the fall of 1997, Plaintiffs decided to subdivide off one of two two-acre parcels of land they intended to subdivide from the property they had acquired from the Garbers. The Plaintiffs contacted the health department to have the land tested for possible perking sites. During this testing, Brad Williams of the health department informed Sampson that he had previously been "all over the property" with the Garbers and had not been able find any suitable sites for perking. He told Sampson that he had informed the Garbers to have anyone interested in buying the property contact him at the health department. Because of this perking problem, the land can only have one lot subdivided off and this lot would need to be serviced by a more expensive shallow field septic system to be located some distance from the subdivided lot. After contacting Old Dominion Realty, the Plaintiffs were informed that another previous purchaser had been referred to Mr. Williams and had subsequently decided not to purchase the property.

At all times relevant, Sue Garber was employed by Old Dominion Realty and was aware of the previous perking problems with her son's property.

For purposes of ruling on a demurrer, this court, under well-established principles, must accept as true the allegations contained in Plaintiff's Motion

for Judgment. *See Arlington Yellow Cab v. Transportation, Inc.*, 207 Va. 313, 319, 149 S.E.2d 877 (1966). Furthermore, when considering a demurrer, this Court is limited to "consideration of the pleadings alone and may determine only whether the pleadings state a cause of action upon which relief can be granted;" the Court cannot "expand the record before it by considering other evidence." *Moore v. Maroney*, 258 Va. 2 (1999).

Count One of Plaintiffs' Motion for Judgment alleges fraud and Count Two alleges constructive fraud. These two counts will be considered together. Plaintiffs contend that because Sue Garber knew of the previous perking problems with her son's property, she had a duty to disclose this information to the Plaintiffs when they inquired about possible subdivision of the property. Although she answered that there would be "no problem" subdividing lots off the land, she failed to tell the prospective buyers that they had attempted to find a suitable perking site before and had been unsuccessful. Defendants claim that in order for a fraud or constructive fraud claim to have merit, the defendant's statement must have been false. In the case at hand, the land was, in fact, able to be subdivided; however, it could only have one lot divided off and that lot would require a different and more expensive type of septic field. More importantly, the Motion for Judgment asserts that the buyers made Mrs. Garber and her principals aware that they were inquiring of whether *lots* could be subdivided off the tract, not a single lot.

Although generally a fraud claim must be based on a false statement, the Supreme Court of Virginia has recognized that:

> if a party conceals a fact that is material to the transaction, knowing that the other party is acting on the assumption that no such fact exists, the concealment is as much a fraud as if the existence of the fact were expressly denied, or the reverse of it expressly stated.

*Van Deusen v. Snead*, 247 Va. 324 (1994) (citing *Clay v. Butler*, 132 Va. 464 (1922)).

The case at hand is quite similar to that of *Murphy v. McIntosh*, a 1957 case decided by the Supreme Court of Virginia. *See Murphy v. McIntosh*, 199 Va. 254 (1957). In *Murphy*, McIntosh entered into negotiations with Johnston, a real estate broker, for the purchase of a parcel of land belonging to Murphy; Johnston was the sole agent for the sale of the property. *Id.* at 256. During the negotiations, McIntosh and Johnston visited the property, and McIntosh asked Johnston "if there had any time been evidence of termites in the place." *Id.* In response to this question, Johnston informed McIntosh that "the place had been inspected either two or three years prior to that, and it was coming up for

either its third or forth inspection under the terms of a contract that Miss Murphy had with the Terminx people." *Id.* A day later, while waiting for the contract to be prepared, McIntosh again asked Johnston "where there was any activity so far as the termites are concerned?" To this, Johnston replied there was none and repeated his earlier statements regarding the termite inspection.

After signing the contract and taking possession of the property, the McIntoshes discovered live termites and termite infestation. *Id.* at 257. After subsequent investigations and discussions with Johnston, Johnston admitted that he knew that a termite inspection in 1950 had revealed an infestation; however, it had been treated and inspected one more time between 1950 and the signing of the contract in 1954. The Supreme Court of Virginia stated that "Johnston's answers contained only a part of the truth; while his principal, Miss Murphy, was fully aware of the whole truth." *Id.* at 261. The court continued on to state that:

> the withholding of the fact that the house had been infested in 1950, and the statement of Johnston in April, 1952, that there was then no termite activity amounted to the concealment and misrepresentation of material facts susceptible of exact knowledge, particularly in view of the specific inquiries made by the defendant.

*Id.*

Considering the aforementioned cases, it is clear that the Supreme Court of Virginia does recognize concealment of material facts as actionable in the form of a fraud claim as long as the concealment was intentional and with knowledge that the other party is acting on the assumption that no such fact exists. In the case at bar, the Plaintiff has alleged that the defendants knew that the land could not perk and that there would be problems subdividing lots off this tract of land. Knowing this information, when asked about subdividing the land, Sue Garber responded that it would "be no problem" when she knew other material facts that would affect this. It would appear from the Plaintiffs' Motion for Judgment that the fraud claims are actionable in this case. Therefore, the demurrers to Counts One and Two will be overruled.

Count Three of the Plaintiffs' Motion for Judgment alleges a "failure to disclose" by Mrs. Sue Garber of any adverse facts that she knew about the property. Although somewhat unartfully pleaded, all parties seem to agree that this is a claim sounding in breach of contract. The plaintiffs alleged that Mrs. Sue Garber and Dominion Realty were acting as licensed buying agents for the Plaintiffs. If this fact can be established, it is somewhat difficult to envision a clearer breach of contract than a broker or agent telling his client that there

was "no problem" subdividing lots of a tract of land when the agent knew of, and actually participated in, numerous unsuccessful attempts by the health department to find a perk site on the land. Therefore, the demurrer of Mrs. Sue Garber and Old Dominion Reality, Inc., will be overruled. However, because Mr. Scott Garber and Mrs. Kimberly Garber were not alleged to be parties to the brokerage contract, their demurrer is sustained.

Count Four of the Plaintiff's Motion for Judgment alleges a failure to mediate. There is no Virginia case law dealing with contracts to enforce mediation. Although the contract in this case does require mediation before litigation, there is no true remedy for a failure to mediate. However, it is within this Court's discretion to order the parties to participate in mediation. See Va. Code § 8.01-576.5. Therefore, pursuant to Virginia Code § 8.01-576.5, this Court orders all parties to attend and participate in mediation and to report back to this Court after the completion of such. In light of this order, Count Four and the demurrers to it are now moot.

The Clerk of the Court is directed to send certified copies of this order to Susan B. Read, Esq., Counsel for Plaintiffs; Mark B. Callahan, Esq., Counsel for Defendants, Sue Garber and Old Dominion Realty, Inc.; and Holmes C. Harrison, III, Esq., Counsel for Defendants, Scott H. Garber and Kimberly B. Garber.