# CIRCUIT COURT OF ROCKINGHAM COUNTY

John J. Wilson
Associates, Inc.

v.

Gary L. Smith
and Dougherty
Equipment Co., Inc.

October 20, 2000

Case No. (Chancery) CH00-18002

BY JUDGE JOHN J. MCGRATH, JR.

This case is currently before this court on Respondent, Gary L. Smith's, Demurrers to Count One, Count Three, the paragraph labeled, "Grounds for Temporary Injunction," and the punitive damages claim of Complainant's Bill of Complaint seeking injunctive relief and damages for breach of contract, breach of fiduciary duty, and tortious interference with contract. For purposes of ruling on demurrers, this court, under well-established principles, must accept as true the allegations contained in Complainant's Bill of Complaint. *See Arlington Yellow Cab v. Transportation, Inc.*, 207 Va. 313, 319, 149 S.E.2d 877 (1966).

Complainant, John J.Wilson Associates, Inc. (hereinafter "Wilson"), alleges that it is a corporation duly organized under the laws of the Commonwealth, and has its principal place of business at 3007 Lincoln Avenue, Richmond, Virginia 23228, and that it is a business of sales, service, and distribution of industrial batteries and battery chargers.

The Respondent, Gary L. Smith, a current resident of Rockingham County, was employed by the Complainant, Wilson, as a service technician from August 1994 to July 12, 2000. Mr. Smith's primary duties in this capacity included the service and repair of batteries and battery chargers for lift trucks. During his employment with Wilson, in consideration of further

employment, Mr. Smith agreed to and signed a document entitled "Covenant Not to Compete." Paragraph 1, B, of the Covenant states:

> (B) The employee expressly covenants and agrees that he will not, during the term of this Agreement and for a period of twenty-four months following the termination of his employment with the company for any reason, in any manner, directly or through others acting as his agent, or in any other manner, compete with [sic] company in any of the following ways:
>
> (i) Employee will not within the Company's "territory" as hereafter defined, engage in the sale, service, distribution, or installation of products that are in competition with products sold, serviced, or distributed by the Company during the term of this Agreement. As used herein, the Company's "territory" shall mean *Commonwealth of Virginia.*

On or about June 30, 2000, Mr. Smith submitted a letter of resignation, to be effective July 14, 2000. On July 12, 2000, Wilson accepted his resignation, and Mr. Smith ended his employment with Wilson. Mr. Smith, upon the invitation of Co-Respondent, Dougherty Equipment Company, Inc. (hereinafter "Dougherty"), entered into employment with Dougherty, a company that regularly conducts business in Rockingham County, Virginia. Wilson alleges that, in his duties with Dougherty, Mr. Smith is engaging in the sale, service, distribution, or installation of products that are in competition with products sold, serviced, or distributed by Wilson during Mr. Smith's employment with Wilson.

It is well-established in the Commonwealth of Virginia that a noncompetition covenant will be enforced in equity if (1) The restraint, from the standpoint of the employer, is reasonable in the sense that it is no greater than is necessary to protect the employer in some legitimate business interest; (2) the restraint, from the standpoint of the employee, is reasonable in the sense that it is not unduly harsh and oppressive in curtailing his legitimate efforts to earn a living; and (3) the restraint is reasonable from the standpoint of a sound public policy. *See Roanoke Eng'g Sales Co. v. Rosenbaum*, 223 Va. 548, 552, 290 S.E.2d 882, 884 (1982) (*citing Richardson v. Paxton Co.*, 203 Va. 790, 127 S.E.2d 113 (1962)).

There has been a long line of Virginia cases dealing with the reasonableness of noncompetition clauses; however, whether restrictive covenants in an employment contract will be enforced in equity depends upon the facts in each case. *See Richardson v. Paxton Co.*, 203 Va. 790, 127 S.E.2d

113 (1962) (*referring to Meissel v. Finley*, 198 Va. 577, 579, 95 S.E.2d 186 (1956)). In the case at hand, the Complainant alleges in its Bill of Complaint that its principal place of business is in Richmond, Virginia. Complainant does not state anywhere in its Bill of Complaint where it conducts its business. However, the language of the noncompetition covenant clearly restricts the Respondent, Wilson, from competing with Complainant throughout the entire Commonwealth of Virginia. This restriction is clearly unreasonable in that it is overbroad in light of Complainant's factual allegations as pleaded in its current Bill of Complaint. The Complainant has failed the first requirement of the *Roanoke Eng'g Sale Co.* test in that the "restraint, from the standpoint of the employer, is unreasonable in the sense that it is greater than is necessary to protect the employer in some legitimate business interest." (223 Va. 548, 552.) because the Complainant has never alleged that it conducts business throughout the Commonwealth.

Therefore, the factual allegations of the Bill of Complaint are not sufficient to state a cause of action. In light of the foregoing, the Respondent, Wilson's Demurrer to Count One and to the Grounds for Temporary Injunction are sustained because of the unreasonableness of the geographic denotation based on the current pleadings. Complainant will have 21 days to file an amended Bill of Complaint. Furthermore, the injunction previously issued by this court on August 15, 2000, is hereby dissolved.

The Clerk of the Court is directed to send certified copies of this Order to Douglas M. Nabhan, Esq., and Aaron S. Walters, Esq., counsel for Petitioner, John J. Wilson Associates, Inc.; and to Roland S. Carlton, Jr., Esq., counsel for Respondent, Gray L. Smith; and to Walter P. Sowers, II, Esq., counsel for Co-Respondent, Dougherty Equipment Company, Inc.