Present:  All the Justices

BRIAN K. HAWTHORN

OPINION BY

v.  Record No. 960261

CHIEF JUSTICE HARRY L. CARRICO
April 18, 1997

CITY OF RICHMOND

FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Randall G. Johnson, Judge

This is an appeal in a personal injury action brought by Brian K. Hawthorn (Hawthorn) against the City of Richmond (the City).  Because the case was decided below on demurrer, we accept as true the well-pleaded facts set forth in Hawthorn's motion for judgment.  Russo v. White, 241 Va. 23, 24, 400 S.E.2d 160, 161 (1991).

The City owns and operates a park on Belle Island in the James River containing paths designed for bicycling, running, and walking.  One of the paths slopes downward and, as it emerges from a wooded area, curves abruptly and sharply to the left along the edge of a steep cliff.  On August 8, 1993, Hawthorn rode his bicycle along this path, fell over the cliff, and injured himself.  At the time of the accident, no barrier or guardrail existed to prevent Hawthorn from plummeting over the cliff, and no signs were posted warning of danger.

Hawthorn's motion for judgment contained two counts.  In Count I, entitled "Negligence and Nuisance," Hawthorn alleged that the City was negligent in failing "to use reasonable care to maintain the path in a reasonably safe condition for public use or, in the alternative, to warn of any dangers which might exist upon the path."  Hawthorn also alleged in Count I that the path

was "dangerous, faulty, defective and hazardous in itself."  In Count II, entitled "Gross Negligence," Hawthorn alleged that the City's acts were "so willful and wanton as to evince a conscious disregard of the rights of others, as well as malicious conduct."

The City demurred on the ground that, at most, the motion for judgment stated a cause of action for simple or ordinary negligence and that Code § 15.1-291 grants a municipality immunity from all liability for damages resulting from injury caused by any act or omission constituting simple or ordinary negligence in the maintenance or operation of a park or other recreational facility.  The trial court sustained the demurrer with respect to Count I and dismissed that count but overruled the demurrer with respect to Count II.  Later, the court dismissed Count II on Hawthorn's own motion.  We awarded Hawthorn an appeal from the final order dismissing Count I.

> In pertinent part, Code § 15.1-291 provides as follows:
> No city or town which shall operate any . . . park . . . or other recreational facility shall be liable in any civil action or proceeding for damages resulting from any injury to the person or property of any person caused by any act or omission constituting simple or ordinary negligence on the part of any officer or agent of such city or town in the maintenance or operation of any such recreational facility.  Every such city or town shall, however, be liable in damages for the gross or wanton negligence of any of its officers or agents in the maintenance or operation of any such recreational facility.
>
> The immunity created by this section is hereby conferred upon counties in addition to, and not limiting on, other immunity existing at common law or by statute.

Hawthorn contends that this Court "has long recognized a municipal corporation has no immunity for creating or maintaining

a nuisance," yet the trial court "reversed over one hundred years of common law holding cities have no immunity for negligent creation of nuisances in any context." Hawthorn complains the trial court incorrectly interpreted Code § 15.1-291 "to grant nuisance immunity in the operation of recreational facilities, even though the statute fails to mention causes of action for nuisance and refers only to acts or omissions caused by simple or ordinary negligence."

Hawthorn argues that in sustaining the City's demurrer with respect to Count I, the trial court improperly emphasized the portion of the statutory language relating to "injury . . . caused by . . . negligence" and "essentially treated [his] cause of action for nuisance as a cause of action for negligence." He seeks to recover, Hawthorn says, not for an injury caused by negligence but for one caused by "a condition hazardous in itself -- i.e., a nuisance," and Code § 15.1-291 "limits immunity to injuries <u>caused</u> by acts constituting simple or ordinary negligence and does not apply to injuries <u>caused</u> by a nuisance."

Hawthorn acknowledges that when a municipality is authorized by law to perform a particular act, it cannot be held liable for maintaining or operating a nuisance unless the act is negligently performed. <u>City of Newport News v. Hertzler</u>, 216 Va. 587, 595, 221 S.E.2d 146, 151 (1976);[1] <u>City of Virginia Beach v. Virginia</u>

_____

[1] On brief, Hawthorn says that this Court failed to apply Code § 15.1-291 in <u>Hertzler</u> and that this failure suggests "the statute does not grant immunity from liability for creating a nuisance." However, Code § 15.1-291 was not in issue in <u>Hertzler</u>; it was not cited in the briefs filed by the parties in that case and was not mentioned in the opinion.

Beach Steel Fishing Pier, Inc., 212 Va. 425, 427, 184 S.E.2d 749, 750-51 (1971). Hawthorn does not question the authority of the City to maintain and operate the park, but he argues that negligence and nuisance are distinct causes of action and that reliance on negligent acts does not transform a nuisance cause of action into a negligence cause of action. "Likewise," Hawthorn opines, "the fact negligent acts created the alleged nuisance here does not mean § 15.1-291 applies to an injury caused by a nuisance."[2]

We agree with Hawthorn that, ordinarily, a municipal corporation has no immunity from liability for injury caused by a nuisance. City of Portsmouth v. Weiss, 145 Va. 94, 109, 133 S.E. 781, 786 (1926); see Chalkley v. City of Richmond, 88 Va. 402, 409, 14 S.E. 339, 341-42 (1891). We are of opinion, however, that in the enactment of Code § 15.1-291, the General Assembly has created a clear exception to the no-immunity rule in nuisance actions against municipalities so far as recreational facilities are concerned and thus has abrogated the common law to that extent. See Boyd v. Commonwealth, 236 Va. 346, 349, 374 S.E.2d 301, 302 (1988).

We also agree with Hawthorn that nuisance and negligence are distinct legal concepts. Chapman v. City of Virginia Beach, 252

---

[2] In support of his argument in the text, Hawthorn cites Taylor v. City of Charlottesville, 240 Va. 367, 397 S.E.2d 832 (1990). But Taylor involved a nuisance in the form of a dangerous condition adjacent to a public highway, not in a recreational facility, and the case was decided on common law principles, not under a legislative provision similar to Code § 15.1-291. Hence, Taylor is inapposite.

Va. 186, 192, 475 S.E.2d 798, 802 (1996).[3] But it does not obliterate the distinction between the two concepts to say, as it must be said, that negligence is an essential element or component of nuisance when one seeks to hold a municipality liable for maintaining or operating a nuisance.

We further agree with Hawthorn that Code § 15.1-291 does not mention a cause of action for nuisance by name. However, the statute states that the immunity granted therein applies in "any civil action or proceeding," and this language is broad enough to encompass actions for both negligence and nuisance.

In this case, the negligence representing the essential element or component of Hawthorn's nuisance cause of action is the City's failure to provide a barrier or guardrail to prevent him from plummeting over the cliff and the failure to post signs warning of the presence of danger. It was these very acts or omissions that caused Hawthorn's injury, and since they were pleaded in Count I as constituting only simple or ordinary negligence, the City is entitled to the grant of immunity provided by Code § 15.1-291.

Hawthorn argues, however, that it is improper to interpret Code § 15.1-291 as applicable to any civil action "'in which negligence is a component or element.'" Hawthorn says that "the

---

[3] Hawthorn states on brief that this Court's guidance in <u>Chapman</u> "on the distinction between a cause of action for negligence and a cause of action for nuisance casts light on the issue at bar." However, in <u>Chapman</u>, we did not address the "issue at bar" because it was "not [then] ripe for resolution." 252 Va. at 193, 475 S.E.2d at 802.

mere fact negligence is an element of a cause of action for nuisance against a city should not affect the application of §15.1-291 because, on its face, it applies to damages caused by negligence alone and does not refer to a cause of action for nuisance."  Hawthorn submits that if the General Assembly "had intended to include actions in which negligence was merely a component or element . . . it could have included those actions under the statute."  The General Assembly did not make that inclusion, Hawthorn submits, "because the purpose of the statute was merely to create a higher standard of proof in negligence cases, not in nuisance cases."

In Frazier v. City of Norfolk, 234 Va. 388, 362 S.E.2d 688 (1987), we discussed the General Assembly's intent in enacting what is now Code § 15.1-291.  Although Frazier did not involve a cause of action for nuisance, what we said there concerning the Code section applies with equal force here:

> The statute was enacted shortly after this Court decided Hoggard v. City of Richmond, 172 Va. 145, 200 S.E. 610 (1939).  There, in a 4-3 decision imposing tort liability upon a city, the Court held that a municipality acted in a ministerial and not governmental capacity when operating a bathing and swimming pool, although it did not derive any pecuniary advantage from the activity. . . .
>
> [W]e conclude that the General Assembly intended to limit the civil liability of municipalities in the maintenance and operation of [any] recreational facilities to cases of gross or wanton negligence.  That is what the legislature said in plain terms [and] there is no necessity to resort to maxims of statutory construction or to employ other devices to ascertain legislative intent.

234 Va. at 391, 362 S.E.2d at 690.

Finally, Hawthorn contends that in his motion for judgment,

he alleged a cause of action for the "negligent creation of a nuisance, in addition to the [negligent] maintenance and operation thereof," and that Code § 15.1-291 "grants immunity only for maintenance and operation of recreation facilities, not for the negligent creation of those facilities." Hence, Hawthorn concludes, his claim for negligent creation "falls outside the statute's parameters of immunity."

It is not at all certain that Hawthorn's motion for judgment alleges a cause of action for the negligent creation of a nuisance, separate and apart from a cause of action for the negligent maintenance and operation of a nuisance. Only a terse statement in the concluding paragraph of Count I that he was injured "[a]s a proximate result of the negligence of the City in creating, maintaining, and opening the path to bicyclists," indicates that negligent creation is included as a basis for recovery.

Be that as it may, we will assume for the purposes of this discussion that the motion for judgment does state a cause of action for negligent creation. The fact remains that the only acts or omissions on the part of the City that Hawthorn alleges in his motion for judgment are the failure to provide a barrier or guardrail to prevent him from plummeting over the cliff and the failure to post signs warning of danger. Therefore, it is upon these acts or omissions that Hawthorn must rely to support a cause of action for the negligent creation of a nuisance. But they are the identical acts or omissions he must rely upon to support a cause of action for negligent maintenance or operation

of a nuisance, for which, as demonstrated earlier in this opinion, the City is immune from liability.

We will not presume that when the General Assembly enacted Code § 15.1-291, it intended in circumstances like those present here that immunity would be granted with one hand and taken away with the other. Indeed, such a presumption would be improper in light of our conclusion in Frazier that the General Assembly intended in its enactment of Code § 15.1-291 "to limit the civil liability of municipalities in the maintenance and operation of [any] recreational facilities to cases of gross or wanton negligence." 234 Va. at 391, 362 S.E.2d at 690. It would thwart this legislative intent to say now that municipalities, when creating recreational facilities, have no immunity from liability for the identical acts or omissions from which they would be immune when maintaining or operating the same facilities. Accordingly, we reject Hawthorn's argument that his claim for negligent creation "falls outside the statute's parameters of immunity."

For the reasons assigned, we will affirm the judgment of the trial court.

Affirmed.

JUSTICE STEPHENSON, with whom JUSTICE HASSELL joins, dissenting.

I respectfully dissent.

It is well established, as the majority acknowledges, that actions based upon negligence and actions based upon negligently creating and maintaining a public nuisance are separate and distinct causes of action. Chapman v. City of Virginia Beach,

252 Va. 186, 192, 475 S.E.2d 798, 802 (1996); Taylor v. City of Charlottesville, 240 Va. 367, 372-74, 397 S.E.2d 832, 835-37 (1990). Indeed, as Chief Justice Carrico said in Finley, Inc. v. Waddell, 207 Va. 602, 610, 151 S.E.2d 347, 353 (1966), "[t]he torts of nuisance and negligence are distinct and differ in their nature and consequences."

It is equally well established that a municipal corporation is immune from liability for claims caused by ordinary negligence if it is engaged in a governmental function; however, a municipal corporation is not immune from liability for negligence when it performs a proprietary function. Taylor, 240 Va. at 370, 397 S.E.2d at 834. Also, a municipal corporation ordinarily is not immune from liability for negligently creating and maintaining a public nuisance whether it is performing either a governmental or a proprietary function. Id. at 373, 397 S.E.2d at 836.

Statutes in derogation of the common law are strictly construed, and the common law will not be considered changed by statute unless the legislative intent is clearly evident. Moreover, there is a presumption that no change in the common law is intended by the legislature; therefore, any change in the common-law rule is limited to what is expressly stated in the statute or what is necessarily implied therefrom. Indeed, "[w]hen an enactment does not encompass the entire subject covered by the common law, it abrogates the common-law rule only to the extent that its terms are directly and irreconcilably opposed to the rule." Boyd v. Commonwealth, 236 Va. 346, 349, 374 S.E.2d 301, 302 (1988). Additionally, a court must presume

that the General Assembly acted with full knowledge of the strict construction that must be given to a statute that is in derogation of the common law. Hannabass v. Ryan, 164 Va. 519, 525, 180 S.E. 416, 418 (1935).

Code § 15.1-291 is in derogation of the common law, and the issue in the present case is whether the statute, when strictly construed, directly and irreconcilably changes the common law. Code § 15.1-291, in clear, plain language, limits immunity to injuries "caused by any act or omission constituting simple or ordinary negligence." (Emphasis added.) The statute makes no mention, however, of immunity from liability for nuisance, although the General Assembly is presumed to have known that negligence and nuisance are separate and distinct causes of action.

The majority, focusing on only a portion of Code § 15.1-291, states that the statute grants immunity in "`any civil action or proceeding'" and concludes that "this language is broad enough to encompass actions for both negligence and nuisance." I would agree with that conclusion if that were all the section states. As previously noted, however, the statute further states that the immunity granted is limited to injuries caused by simple or ordinary negligence. In enacting Code § 15.1-291, the General Assembly could have granted immunity from liability for injuries caused by the creation and maintenance of a nuisance. It did not do so, and I submit that this Court also should not do so.