Present:  All the Justices

MELINDA BREEDING, AN INFANT BY
HER NEXT FRIEND AND MOTHER,
LINDA BREEDING, ET AL.

                    OPINION BY JUSTICE A. CHRISTIAN COMPTON
v.  Record No. 982449                September 17, 1999

WILLIAM EDWARD HENSLEY, ET AL.


          FROM THE CIRCUIT COURT OF RUSSELL COUNTY
               Nicholas E. Persin, Judge Designate

     Generally, this case is about the law of public nuisances.

Specifically, the case is about how a demurrer to an amended

motion for judgment must be considered.  Because of the

disposition we make of the demurrer issue, we must also consider

the application of Code § 8.01-222, which deals with notice to

be given cities and towns of claims for damages for negligence.

     In 1993, appellant Melinda Breeding, an infant suing by her

mother as next friend, filed this action against appellees

William Edward Hensley and the Town of Lebanon.  In a two-count

motion for judgment, the plaintiff alleged she was injured on

September 13, 1991 when she collided with a portion of a trash

dumpster while riding her bicycle.

     In Count I, she alleged that the Town, acting through its

employee Hensley, while collecting garbage, had negligently

placed the dumpster so that it protruded into the right of way

of the public street upon which she was travelling.  In Count

II, incorporating the allegations of Count I, she alleged the

obstruction of the street was a public nuisance.  She further alleged that, as a proximate result of the defendants' wrongful acts, she was entitled to recover damages.

Subsequently, the trial court ruled that collection of garbage by a municipality is a governmental function.  Applying the doctrine of municipal immunity, the court dismissed Count I of the motion for judgment that was based upon ordinary negligence.  At that time, the court refused to dismiss the nuisance count.

Later, the infant's mother, appellant Linda Breeding, was added as a party plaintiff.  She sought recovery of medical expenses incurred and to be incurred in the future on behalf of the child.

Subsequently, the plaintiffs filed an amended Count II to the motion for judgment.  Following discovery, the infant plaintiff later filed a second motion for judgment, naming the Town and appellees Giles Wolfe and Paul Hess as defendants.  The plaintiff alleged Wolfe and Hess were Town employees who were also involved in placing the dumpster at the site in question. The trial court then ordered that the second motion for judgment be consolidated with the original motion for judgment and that the actions proceed as one case.

Following argument of counsel during two hearings in 1998, the trial court sustained demurrers and a special plea that had

been filed by the defendants.  Upon the demurrers, the court ruled that the plaintiffs' allegations of nuisance in amended Count II of the original motion for judgment and in the second motion for judgment were "deficient."  Upon the special plea, the court ruled that notice to the Town of the accident was "defective."  We awarded plaintiffs this appeal from an August 1998 order dismissing the consolidated cases.

Before embarking upon an analysis of the issues in this appeal, a comment on the state of the appellate record is necessary.  The litigation has been pending for more than six years.  The manuscript record of the two cases contains 913 pages, excluding exhibits, reports of experts, and transcripts of depositions and hearings.  The record contains extensive discovery material and affidavits of witnesses.  We mention this glut of information in a matter decided on the pleadings to point up the fact that the record contains a profusion of facts that are not included in the plaintiffs' motions for judgment. Yet the parties on brief argue the issues as if all the facts outside the pleadings are properly before this Court; they are not.

Therefore, we must focus upon only the pleadings' factual allegations.  "A demurrer admits the truth of all material facts properly pleaded.  Under this rule, the facts admitted are those expressly alleged, those which fairly can be viewed as impliedly

alleged, and those which may be fairly and justly inferred from the facts alleged." Rosillo v. Winters, 235 Va. 268, 270, 367 S.E.2d 717, 717 (1988).

In the plaintiffs' amended Count II, all the factual allegations from the original Count II (which expressly incorporated by reference most of the factual allegations of original Count I) were not included. Under these circumstances, another rule impacting consideration of demurrers becomes pertinent. When an amended motion for judgment, or amended count thereof, is filed and a comparison of the original and amended pleading shows that the amended motion for judgment, or amended count, was intended as a substitute for the original, the case stands as though the original had never been filed, so far as it relates to the statement of facts. Trotter v. E.I. Dupont de Nemours and Co., 124 Va. 680, 682-83, 98 S.E. 621, 622 (1919). See Washington S. Ry. Co. v. Cheshire, 109 Va. 741, 743, 65 S.E. 27, 28 (1909).

In the present case, due to the variance between the respective allegations, it is apparent that the plaintiffs intended amended Count II as a substitute for original Count II. Hence, in order to determine whether the allegations of public nuisance are sufficient to withstand demurrer, we shall examine only the facts asserted in amended Count II and in the second motion for judgment.

4

Because the demurrer admits all well-pleaded facts, we shall recite them as if they are true. A public right of way named Gilmer Avenue Extension is located within the Town's limits. Real estate used and maintained by the Russell County Department of Social Services adjoins the right of way. The Department owned a large trash dumpster that was located on the edge of its property adjoining Gilmer Avenue.

Defendants Hensley, Wolfe, and Hess, in their capacities as employees of the Town, by use of a garbage truck, "placed the aforesaid dumpster, in the position it was located on the evening of September 13, 1991." This allegation is susceptible to two meanings: It could mean that the dumpster was placed there on September 13 or it could mean that the dumpster had been placed there at some unspecified time before September 13 and had remained there to the time of the accident. On demurrer, the latter inference must be accepted as fact because it is more favorable to plaintiffs by showing a degree of permanency to the condition. It is noted that the original motion for judgment, now abandoned, alleges Hensley placed the dumpster at the site on September 13.

Continuing, the location of the dumpster within the right of way caused a dangerous and hazardous condition not authorized by law with respect to the lawful use of Gilmer Avenue. Before and on September 13, the defendants allowed the dumpster to

5

extend into the street where it obstructed and impeded the public's entitlement to the full and free use of all the territory embraced within the street.

In the alternative, the plaintiffs alleged that, if the condition described was authorized by law, the conduct of the defendants in placing the dumpster where it was located on September 13 constituted negligence on their part.

In the "evening" of September 13, the infant plaintiff, while riding her bicycle in a westerly direction on Gilmer Avenue, physically struck a portion of the dumpster, which extended into the right of way.  As a result, the plaintiffs were damaged.

The first question on appeal is whether the allegations of amended Count II and of the second motion for judgment sufficiently set forth a public nuisance claim.  We hold that the allegations are sufficient to withstand demurrer.

Any unauthorized obstruction that unnecessarily impedes the lawful use of a public street is a public nuisance at common law.  City of Richmond v. Smith, 101 Va. 161, 166, 43 S.E. 345, 346 (1903).  But a public nuisance is restricted to a condition that is "dangerous and hazardous in itself," Taylor v. City of Charlottesville, 240 Va. 367, 372, 397 S.E.2d 832, 835 (1990).  It must prevail "at all times and under all circumstances," Price v. Travis, 149 Va. 536, 547, 140 S.E. 644, 647 (1927), but

not in "absolute perpetuity." Smith, 101 Va. at 168, 43 S.E. at 347. More than sporadic or isolated conditions must be shown; the interference must be "substantial." City of Newport News v. Hertzler, 216 Va. 587, 594, 221 S.E.2d 146, 151 (1976). Yet, any unauthorized use of a public highway that is extensive and continues long enough to be unreasonable may amount to a public nuisance. Smith, 101 Va. at 168, 43 S.E. at 347.

In the present case, the plaintiffs' bare allegations of fact, considered according to demurrer rules, support the foregoing elements of a public nuisance. However, the pleadings leave many factual questions unanswered. For example, the size and extent of the encroachment into the public way will be relevant upon the elements of unnecessary impediment, dangerousness, and hazardousness. Also, the question of permanency and whether the condition was substantial must be the subject of elaboration when the evidence is presented. These are just a few of the matters that need to be addressed if the plaintiffs are to recover. But that does not mean that the plaintiffs are precluded at this stage of the proceeding from going forward with their case. Thus, we hold that the trial court erred in short circuiting the litigation upon demurrer.

The other question on appeal is whether the trial court erred in applying the notice requirements of Code § 8.01-222 to

these actions and dismissing the actions against the municipality as well as its employees.

As pertinent, Code § 8.01-222 provides:

"No action shall be maintained against any city or town for injury to any person . . . alleged to have been sustained by reason of the negligence of the city or town, or any officer, agent or employee thereof, unless a written statement by the claimant, his agent, attorney or representative of the nature of the claim and of the time and place at which the injury is alleged to have occurred or been received shall have been filed with the city attorney or town attorney . . . within six months after such cause of action shall have accrued. . . ."

The language of the statute is clear and comprehensive; its provisions are mandatory, but not jurisdictional. Town of Crewe v. Marler, 228 Va. 109, 112, 319 S.E.2d 748, 749 (1984).

There is no dispute that an attorney for the infant plaintiff, within about four months of the September 13, 1991 accident, notified the Lebanon Town Attorney that the accident occurred on September 25, 1991. Recognizing that "the date of Melinda's injury was incorrectly cited," the plaintiffs argue that the statute is inapplicable to a claim of nuisance. They contend that "it applies only to injuries sustained by reason of negligence. Nuisance and Negligence are entirely different causes of action." Given the allegations in these cases, we disagree with the plaintiffs.

"[W]hen a municipality is authorized by law to perform a particular act, it cannot be held liable for maintaining or

8

operating a nuisance unless the act is negligently performed." Hawthorn v. City of Richmond, 253 Va. 283, 286, 484 S.E.2d 603, 605 (1997). Collection and disposal by a municipality of garbage and other refuse, including, as here, repositioning a trash dumpster, is authorized by law, former Code § 15.1-857 (now § 15.2-927), contrary to the plaintiffs' conclusion in their pleadings that the defendants' acts were unlawful.

While nuisance and negligence are distinct legal concepts, Chapman v. City of Virginia Beach, 252 Va. 186, 192, 475 S.E.2d 798, 802 (1996), it does not obliterate the distinction between them to say that negligence is an essential element or component of nuisance when, as here, one seeks to hold a municipality liable for maintaining a nuisance when performing an act authorized by law. See Hawthorn, 253 Va. at 287, 484 S.E.2d at 605. In other words, under these allegations, the Town is liable for maintaining a public nuisance only if the plaintiffs can establish the Town employees were negligent. This case is unlike City of Portsmouth v. Weiss, 145 Va. 94, 133 S.E. 781 (1926), relied upon by the plaintiffs, in which there was a claim of private nuisance as the result of an affirmative wrong done by the municipality and the plaintiff was not required to establish negligence.

Therefore, even though Code § 8.01-222 does not employ the term "nuisance," but provides for notice of injuries sustained

9

by reason of "negligence," we conclude that the statute applies to this nuisance claim in which negligence is an essential element. Thus, we hold the trial court correctly sustained the special plea dismissing the Town from the actions.

The plaintiffs also argue the trial court erred in dismissing the actions against the Town employees, Hensley, Wolfe, and Hess. The plaintiffs contend the express language of the statute applies only to actions against municipalities. We agree.

Statutes requiring notice as a condition precedent to making a claim against a municipality are in derogation of the common law. They should be strictly construed when determining the persons to which they apply and not be extended by implication beyond their own terms. See Weiss, 145 at 109-10, 133 S.E. at 786.[*]

Plainly, the express language of the statute does not include actions against the employees or agents of the municipality. The statute clearly provides that no action shall be maintained against "any city or town."

_____

[*] In Marler, we repeated a statement from Bowles v. City of Richmond, 147 Va. 720, 727, 129 S.E. 489, 490 (1925), that the notice statute should be construed liberally and substantial compliance with its terms is sufficient. 228 Va. at 112, 319 S.E.2d at 749. But the context in which the liberal construction statement was made dealt with substantial compliance by the claimant with the requirements for the notice

10

And, we reject the defendants' contention that <u>Halberstam</u>
<u>v. Commonwealth</u>, 251 Va. 248, 253 n.2, 467 S.E.2d 783, 786 n.2
(1996), a case interpreting the notice provisions of the
Virginia Tort Claims Act, compels a conclusion that the terms of
§ 8.01-222 should be extended by implication to apply to the
Town employees.  <u>Halberstam</u> involved a waiver of sovereign
immunity and a claim against an agency of the Commonwealth, not
an employee.

Consequently, the portion of the judgment below that
dismissed the Town as a defendant will be affirmed, the portion
that dismissed the individuals as defendants will be reversed,
and the case will be remanded for further proceedings on amended
Count II and the second motion for judgment against the
individual defendants.

<u>Affirmed in part,</u>
<u>reversed in part,</u>
<u>and remanded</u>.

---

and not, as here, with the threshold question of to whom the
statute applies.