## CIRCUIT COURT OF THE CITY OF ROANOKE

NRC Management
Services Corp., Inc.

v.

First Va. Bank-Southwest

July 28, 2003

Case No. CL01000825

BY JUDGE CLIFFORD R. WECKSTEIN

NRC Management Services Corporation, Inc., seeks damages from First Virginia Bank-Southwest. It alleges that the bank converted, i.e. wrongfully paid, twenty-seven checks, with a face value of $721,315.86. In a demurrer, First Virginia Bank-Southwest says that NRC Management Services Corporation, Inc., does not have standing to sue. (Standing, in essence, requires "a sufficient interest in the subject matter of the case so that the parties will be actual adversaries and the issues will be fully and faithfully developed." *Cupp v. Board of Supervisors of Fairfax County*, 227 Va. 580, 589, 318 S.E.2d 407 (1984).) The amended motion for judgment incorporates an appendix that contains copies of the checks and copies of agreements between First Virginia and several depositors. Following oral argument, the parties "solely for the purpose of the Court's consideration of the Bank's demurrer," stipulated that NRC is a "holder" of the checks under the Virginia Uniform Commercial Code and that NRC delivered the checks to First Virginia "after placing a restrictive endorsement thereon."

First Virginia's demurrer must be decided upon standards that apply to demurrers, not upon commercial law principles.

By demurring, First Virginia says, in effect, that, even if the facts are what the NRC says they are, the plaintiff cannot prevail. When ruling on a demurrer, the trial judge does not decide whether the plaintiff will win its

case, but only whether the plaintiff has said enough to allow the suit to proceed. *Thompson v. Skate America, Inc.*, 261 Va. 121, 128, 540 S.E.2d 123 (2001); *Fun v. Virginia Military Inst.*, 245 Va. 249, 252, 427 S.E.2d 181 (1993); *see* James W. McIlhaney, *Trial Notebook: Litigation Traps*, 29 LITIGATION No. 1, 61, 62 (2002). When I consider a demurrer, I am not required to accept the plaintiff's legal theory. I am, however, required to accept the truth of every factual statement in the plaintiff's motion for judgment; view the factual assertions in the plaintiff's pleading (and in the stipulation) in the light most favorable to the plaintiff; draw every inference in the plaintiff's favor; consider as true and in the light most favorable to the plaintiff any fact that can be inferred from the plaintiff's factual allegations; and recite the facts in the light most favorable to the plaintiff. *Fueste v. Riverside Healthcare Ass'n*, 265 Va. 127, 131-32, 575 S.E.2d 858 (2003); *Woods v. Mendez*, 265 Va. 68, 76, 574 S.E.2d 263 (2003); *Ward's Equipment, Inc. v. New Holland North Am., Inc.*, 254 Va. 379, 383, 493 S.E.2d 516 (1997).

When I read the amended motion for judgment, the appendix to the amended motion for judgment, and the stipulation in accordance with those settled principles, these facts are before the court:

1. NRC, as an "endorser" (as that term is defined by Virginia Code § 8.3A-204) and as a "holder" (as defined in § 8.1A-201), placed a "restrictive endorsement" (as defined in § 8.3A-206) upon checks; and

2. NRC, having the right to do so, caused those checks to be deposited at First Virginia (as a "depositary bank," as defined in § 8.4A-105), and First Virginia took those checks for collection; and

3. Those checks were collectible, and First Virginia collected the checks; and

4. First Virginia paid someone the amounts it collected from those checks; but

5. First Virginia did not pay the amounts it collected from those checks to NRC; and

6. The payments that First Virginia made on those checks were inconsistent with the terms of the restrictive indorsement; and

7. As a direct result, NRC has suffered financial loss.

Upon these facts, I cannot say that NRC has failed to "demonstrate a personal stake in the outcome of the controversy." *Goldman v. Landsidle*, 262 Va. 364, 371, 552 S.E.2d 67 (2001).

The Supreme Court of Virginia has admonished trial judges against "short-circuiting the litigation upon demurrer," *Breeding v. Hensley*, 258 Va.

207, 214, 519 S.E.2d 369 (1999), to be careful lest "the parties on brief argue the issues as if all the facts outside the pleadings are properly before this Court; they are not." *Id.* at 212. Even if "the pleadings leave many factual questions unanswered," and there are "matters that need to be addressed if the plaintiffs are to recover," a plaintiff should not be precluded from going forward with its case. *Id.* at 213-14. The Supreme Court, as Justice Kinser recently wrote, has "often warned of the dangers of 'short-circuiting' litigation because in doing so, a trial court 'deprives a litigant of his day in court and deprives this Court of an opportunity to review a [more] thoroughly developed record on appeal'." *Walsh v. Bennett*, 260 Va. 171, 176, 530 S.E.2d 904 (2000) (bracketed word in original) (citations omitted).

A demurrer is analogous to a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* Va. Code § 8.01-273; *cf. Coakley & Williams, Inc. v. Shatterproof Glass Corp.*, 706 F.2d 456, 460 (4th Cir. 1983). In federal courts, the United States Supreme Court has explained, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The Virginia standard is identical, though the Supreme Court of Virginia may not have used the same words to describe it. *See CaterCorp, Inc. v. Catering Concepts, Inc.*, 246 Va. 22, 24, 431 S.E.2d 277 (1993) (demurrer: "This is another case in which a trial court incorrectly has short-circuited litigation pretrial and has decided the dispute without permitting the parties to reach a trial on the merits.") (Internal quotation marks omitted.); *Renner v. Stafford*, 245 Va. 351, 353, 429 S.E.2d 218, 220 (1993) (demurrer); *Perdieu v. Blackstone Family Practice Ctr., Inc.*, 264 Va. 408, 418, 568 S.E.2d 703 (2002) (when defendant moves to strike plaintiff's evidence at trial "the trial court should resolve any reasonable doubt as to the sufficiency of the evidence in plaintiff's favor and should grant the motion only when it is conclusively apparent that plaintiff has proven no cause of action against defendant") (citations and internal quotation marks omitted).

At this point, I know what a number of papers say, although (as our Supreme Court noted in the *Breeding* case) it is not clear that I properly can consider all of those papers. I do not, however, have the evidentiary context that would make it possible for a trial judge, or the Supreme Court, to conclusively determine that NRC does not have standing to maintain the suit. Therefore, I overrule the demurrer.