## CIRCUIT COURT OF THE CITY OF ROANOKE

Softwise, Inc.

v.

Rana Goodrich, M.D., P.C., et al.

January 28, 2004

Case No. CL03-315

BY JUDGE CHARLES N. DORSEY

Defendants Rana Q. Goodrich, M.D. ("Dr. Goodrich") and Rana Q. Goodrich, M.D., P.C. ("Goodrich, P.C."), have demurred to Count II of the Motion for Judgment. After careful consideration of counsels' briefs and arguments, the Court will sustain the demurrer as to this Count.

### Factual Background

Goodrich, P.C., is a corporation organized under the laws of Virginia, of which Dr. Goodrich is the sole officer, director, and shareholder. On August 16, 2001, Softwise, Inc., also a Virginia corporation, contracted with Goodrich, P.C., to provide two years of medical billing and collections services for a fee of 7% of actual collections. Just over seven months later, during a meeting on March 29, 2002, Dr. Goodrich notified Softwise that she no longer desired its services, would not make further payments, and would not pay any outstanding amounts for completed work. As of this date, she also refused to provide Softwise any further billing information, making it impossible for Softwise to complete performance. Mot. for J. at ¶¶ 3-5.

Softwise then discovered that Dr. Goodrich had obtained access to the billing data that Softwise had already "gathered and compiled" in order to perform under the contract. *Id.* at ¶ 6. The taking of this information is described as "unlawful." According to Softwise, Dr. Goodrich and Goodrich, P.C., subsequently began to perform their own billing services using this information. *Id.*

Count I of Softwise's Motion for Judgment alleges breach of contract, while Count II asserts that defendants, Dr. Goodrich and Goodrich, P.C., acted in concert to intentionally and unlawfully obtain billing information that Softwise had compiled in performance on the contract with Goodrich, P.C. Softwise further alleges that these conspiratorial acts caused injuries to Softwise that entitles it to treble damages under Virginia Code, § 18.2-500. *Id.* at ¶¶ 13-14. The defendants demur.

### Analysis

On demurrer, the Court does not decide the merits of a claim; rather a demurrer "only tests the sufficiency of factual allegations to determine whether the motion for judgment states a cause of action." *Fun v. Virginia Military Inst.*, 245 Va. 249, 252, 427 S.E.2d 181, 183 (1993). The Court must consider as true all material facts expressly alleged, those facts that can be viewed as implied, and those that may be fairly and justly inferred from the facts alleged. *Breeding v. Hensley*, 258 Va. 207, 211-12, 519 S.E.2d 369, 371 (1999) (citing *Rosillo v. Winters*, 235 Va. 268, 270, 367 S.E.2d 717, 717 (1988)). A demurrer does not, however, admit the correctness of the conclusions of law represented in the challenged pleading. *Fuste v. Riverside Healthcare Ass'n*, 265 Va. 127, 131, 575 S.E.2d 858, 861 (2003).

The Goodrich defendants argue that Softwise's claims for conspiracy to injure a business and/or tortious interference with business expectancy are legally barred by the doctrine of intracorporate immunity. The intracorporate immunity doctrine states that "there must be two persons to comprise a conspiracy, and a corporation, like an individual, cannot conspire with itself." *Nedrich v. Jones*, 245 Va. 465, 473, 429 S.E.2d 201, 205 (1993) (quoting *Bowman v. State Bank*, 229 Va. 534, 541, 331 S.E.2d 797, 801 (1985)); *see also Charles E. Brauer, Inc. v. NationsBank of Va., N.A.*, 251 Va. 28, 36, 466 S.E.2d 382, 387 (1996) ("[A] conspiracy was a legal impossibility because a principal and an agent are not separate persons for purposes of the conspiracy statute. One entity existed, the bank, and a single entity cannot conspire with itself."). Similarly, in the case of tortious interference with business expectancy, it is a legal impossibility for a person to interfere with a contract to which he is already a party. *Fox v. Deese*, 234 Va. 412, 428, 362 S.E.2d 699, 708 (1987); *see also Haigh v. Matsushita Elec. Corp.*, 676 F. Supp. 1332, 1349 (E.D. Va. 1987); *Ashco v. Westmore Shopping Ctr. Assocs.*, 42 Va. Cir. 427, 433-34 (Fairfax County 1997). The corporation is an artificial entity that only acts through its agents, directors, and employees. *Fox*, 234 Va. at 428, 362 S.E.2d at 708. If an employee acts *in the scope* of her employment

and, thus, acts as an agent of the corporation, then only a single entity exists, the corporation. *Id.; Charles E. Brauer, Inc. v. NationsBank of Va.*, 251 Va. 28, 36, 466 S.E.2d 382, 387 (1996).

Intracorporate immunity therefore turns on whether the employee accused of conspiracy was acting in the scope of her employment when the challenged conduct occurred. Softwise's Motion for Judgment includes no allegations placing Dr. Goodrich outside of her capacity as officer and director of Goodrich, P.C. As director of the corporation, she terminated the contract, allegedly refuses to pay the outstanding amounts, and obtained and utilized the billing information in which Softwise claims a proprietary interest. At all times, she acted for the benefit, and on behalf of, Goodrich, P.C. Failing to allege any actions outside of the scope of Dr. Goodrich's employment as an agent of Goodrich, P.C., is fatal to Softwise's conspiracy claims.

The scope of employment inquiry is separate from the "personal stake" exception raised by Softwise to rebut the demurrer. Although the United States Fourth Circuit has recognized an exception to intracorporate immunity when an agent has an independent personal stake in achieving the corporation's impermissible objectives,[1] this exception has not been adopted by the Virginia Supreme Court. At least three other Virginia circuit courts have sustained demurrers based in part on this factor. *See Hiers v. Cave Hill Corp.*, 51 Va. Cir. 208, 212 (Rockingham County 2000); *Ashco Int'l, Inc. v. Westmore Shopping Ctr. Assocs.*, 42 Va. Cir. 427, 433 (Fairfax County 1997); *Little Professor Book Co. v. Reston N. Point Village, Ltd. P'ship*, 41 Va. Cir. 73, 79 (Fairfax County 1996). It applies primarily in antitrust actions, such as where a corporate director with a personal stake in another business conspires to use the corporation to eliminate competitors for that personal business interest, thus, hijacking the corporation for his own personal, illegal ends. *Greenville Publishing Co. v. Daily Reflector, Inc.*, 496 F.2d 391, 399 (4th Cir. 1974).

Although Softwise cites *American Chiropractic* to support their contention that the exception applies, the Court in that case specified that the alleged personal stake "must be wholly separable from the more general and indirect corporate benefit." *American Chiropractic*, 151 F. Supp. 2d at 731 (finding that the physicians in question had a personal and direct interest in affecting the market for healthcare services that was distinct from their roles as agents of Trigon). Apart from whether Virginia has adopted this exception, none of the facts pleaded by Softwise assign any actions or motives to Dr. Goodrich separate from her capacity as an agent of Goodrich, P.C.

---

[1] *See American Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 151 F. Supp. 2d 723, 731 (W.D. Va. 2001) (citing *Selman v. American Sports Underwriters*, 697 F. Supp. 225, 239 (W.D. Va. 1988)).

Consequently, the personal stake exception is not applicable and the intracorporate immunity doctrine prevents Softwise from maintaining its conspiracy/tortious interference claim as drafted.

Defendants' demurrer to Count II is sustained with leave to amend.