# CIRCUIT COURT OF THE CITY OF ALEXANDRIA

J. W. Rayder
and Big Horn
Rural Electric Co. et al.

    v.

SunTrust Bank

Case No. (Law) CL05001561

J. W. Rayder
and Three Rivers Telephone
Cooperative, Inc., et al.

    v.

Wachovia Bank, N.A.

Case No. (Law) CL05001560

January 31, 2006

BY JUDGE ALFRED D. SWERSKY

This matter is before the Court on Defendants' demurrers to the Motions for Judgment filed herein. The Motions for Judgment, filed separately, state the same causes of action based upon the same contractual relationships with each Defendant. The issues raised by the demurrers are the same. The demurrers will be sustained, and leave to amend will be granted.

As to Count I, the breach of the Custodial Escrow Agreements, Defendants argue that paragraph 9 of the agreement, the indemnity provisions, requires Plaintiffs to plead gross negligence or willful wrongdoing. Plaintiff

argues that the word "indemnity" as used in this provision does not apply to claims by the parties to the agreement but only to third-party claims. They point to the language of the second sentence of that provision which adds the language "hold harmless." Thus, they argue that, as to a dispute with the parties to the agreement, the indemnity provision does not apply since there is no third-party claim.

Plaintiffs read the provision too narrowly. The plain language of the indemnity provision requires Plaintiffs to plead gross negligence or willful wrongdoing.

Indemnity contracts are to secure a person against an anticipated loss on the "part of one of the parties or some third person." *See,* 9B Michie's Jurisprudence, *Indemnity,* § 2, page 516.

Plaintiffs will be given leave to amend this Count if they see fit. Such amendment shall be filed within twenty-one days of the entry of the order sustaining these demurrers.

In Count II, Plaintiffs allege that the banks breached their fiduciary duties without alleging the source of the alleged fiduciary duties. It appears from the pleadings that Plaintiffs are asserting the breach of a common law fiduciary duty. The Custodial Escrow Agreement states specifically that the escrow agents "have no duties except those which are set forth herein. . . ." There is no allegation that this alleged breach constitutes a separate and independent tort and Plaintiffs simply argue that the escrow agreements created the fiduciary duties they alleged to have been breached. Under these circumstances, the demurrer will be sustained. *See, Filak v. George,* 267 Va. 612, 594 S.E.2d 610 (2004). Plaintiffs will be given leave to amend if they see fit within twenty-one days of the entry of an appropriate order.

August 22, 2006

BY JUDGE LISA B. KEMLER

This matter is before the Court on Defendants' demurrers to the Fourth Amended Motions for Judgment ("4thAMFJ") filed herein. The Amended Motions for Judgment state the same causes of action based upon Custodial Escrow Agreements entered into between the Plaintiffs and the Defendants. The issues raised by the demurrers are the same, and, following a hearing on August 14, 2006, I took the matter under advisement. For the reasons stated below, the demurrers will be overruled in part and sustained in part.

In their 4thAMFJ, Plaintiffs allege a claim for breach of contract (Count I) and a claim for breach of implied contract (Count II). Defendants contend

that, with one exception, the 4thAMFJ is based on claims premised on terms not set forth in the Custodial Escrow Agreements attached to the 4thAMFJ and suggest that the Court sustain the demurrers as to those portions of the 4thAMFJ that allege breaches of duties not specified in the Custodial Escrow Agreements. For example, Defendants point to paragraphs 22 and 25 of the 4thAMFJ as containing allegations concerning the Escrow Agents' duties which Defendants assert are not contained within the four corners of the Custodial Escrow Agreements or which expand or embellish upon the Escrow Agents' duties specified in the Custodial Escrow Agreement. Another example Defendants point to is paragraph 24 which alleges that the Escrow Agent "was obligated to monitor and supervise the Escrow Accounts to insure that the parties ... were implementing the procedures and purposes set forth in the Escrow Agreements," yet these alleged obligations are not specified in the Custodial Escrow Agreement. However, Defendants concede that at least some portions of the amended motion for judgment do allege sufficient facts to support a cause of action for breach of contract (see e.g., ¶ 35(a) of the 4thAMFJ). In response, Plaintiffs contend that the allegations in the 4thAMFJ consist of their interpretation of the terms of the Custodial Escrow Agreement and that the 4thAMFJ satisfies the minimum requirements for a breach of contract action.

The 4thAMFJ also seeks an award of attorney's fees, to which Defendants have also demurred. Plaintiffs' theory of recovery of attorney's fees is based on incorporation language that appears in some of the Custodial Escrow Agreements and the "Indemnification" provision in the Loan Agreements. Some of the Custodial Escrow Agreements between Capital Resource Funding, Inc. ("CRF"), the Plaintiff-Lenders, and the Defendant-Escrow Agents contain the following language:

> *Exhibits and Schedule.* The Loan Agreement, as well as all Exhibits and Attachments annexed hereto, are incorporated in and made a part of this Agreement. All such Exhibits and Attachments have been initialed for identification by the parties hereto.

(See Exhibit B, ¶ 18 attached to the Motion for Judgment, Civil Action No. CL05001560.)

The Loan Agreements, entered into between CRF and the various Plaintiff-Lenders, contain an "Indemnification" provision which provides in part:

4

> The parties hereto agree to and shall indemnify each other … against any and all damages resulting from any breach of any representation, warranty, or agreement set forth in this Agreement or the untruth or inaccuracy thereof. The parties hereto further agree to and shall indemnify each other … against any and all damages, consequential or otherwise, debts, liabilities, choses in action, or claims of any nature, absolute or contingent, resulting from such breach, untruth, or inaccuracy.

(See Exhibit A, ¶ 12 attached to the Motion for Judgment, Civil Action No. CL05001560.)

Defendants contend that the Custodial Escrow Agreement contains no provision allowing Plaintiffs to recover attorney's fees in an action against the Escrow Agent for breach of contract and that, even if some of the escrow agreements contain the language making the Loan Agreement a part of the Custodial Escrow Agreement, the Escrow Agents are not a party to the Loan Agreements and, therefore, incorporation of the Loan Agreements does not bind the Escrow Agents to the terms of the Loan Agreements.

Each of the Custodial Escrow Agreements contain an "Indemnification" provision which provides, in part, as follows:

> Company [CRF] and Co-Factor [Lender] hereby jointly and severally indemnify the Escrow Agent against any loss, liability, or damage (including costs of litigation and counsel fees) arising from and in connection with the performance of its duties as Escrow Agent, except where his acts are the result of its gross negligence or willful wrongdoing.

(See Exhibit B, ¶ 9 attached to the Motion for Judgment, Civil Action No. CL05001560.)

It is well settled law that "[a] demurrer, unlike a motion for summary judgment, does not allow the court to evaluate and decide the merits of a claim; it only tests the sufficiency of factual allegations to determine whether the motion for judgment states a cause of action." *Fun v. Virginia Military Inst.*, 245 Va. 249, 252, 427 S.E.2d 181, 183 (1993); *Concerned Taxpayers of Brunswick County v. Brunswick County*, 249 Va. 320, 327-28, 455 S.E.2d 712, 716 (1995). In examining the sufficiency of the factual allegations, the court must consider all reasonable inferences fairly and justly drawn from the facts. *Fox v. Custis*, 236 Va. 69, 71, 372 S.E.2d 373 (1988). The court may also consider any documents or exhibits attached to the pleading as part of the

pleading itself. See Rules of the Virginia Supreme Court 1:4; *Flippo v. F & L Land Co.*, 241 Va. 15, 17, 400 S.E.2d 156, 156 (1991). In addition, the Court "may ignore a party's factual allegations contradicted by the terms of authentic, unambiguous documents that properly are a part of the pleadings." *Ward's Equip., Inc. v. New Holland N. Am.*, 254 Va. 379, 382, 493 S.E.2d 516 (1997). Finally, the Supreme Court of Virginia has admonished trial judges against "short-circuiting the litigation upon demurrer." *Breeding v. Hensley*, 258 Va. 207, 214, 519 S.E.2d 369 (1999).

Here, the Escrow Agents' duties are contractual in nature and the Custodial Escrow Agreements expressly set forth those duties and specifically state that the Escrow Agents "shall have no duties except those which are set forth herein. . . ." (See e.g., ¶ 10 of Exhibit A-1 attached to 4thAMFJ, Civil Action No. CL05001560.) While certain allegations in the 4thAMFJ concerning the Escrow Agent's duties do appear to deviate from the terms of the Custodial Escrow Agreement, this would not be a basis upon which to sustain the demurrer where the 4thAMFJ does contain sufficient factual allegations to state a cause of action for breach of contract. Therefore, the demurrers to the breach of contract claim and the breach of implied contract claim are overruled without prejudice to the parties seeking any further appropriate relief at a later time.

As for attorney's fees, "generally, absent a specific contractual or statutory provision to the contrary, attorney's fees are not recoverable by a prevailing litigant from the losing litigant." *Mullins v. Richlands National Bank*, 241 Va. 447, 449, 403 S.E.2d 334, 335 (1991), quoting from *Lannon v. Lee Conner Realty Corp.*, 238 Va. 590, 594, 385 S.E.2d 380, 383 (1989); *Gilmore v. Basic Industries*, 233 Va. 485, 490, 357 S.E.2d 514, 517 (1987). Apparently, some, but not all, of the Custodial Escrow Agreements contain language expressly incorporating by reference the attached Loan Agreement and expressly making the Loan Agreement a part of the Custodial Escrow Agreement. The Escrow Agent, however, is not a party to any of the Loan Agreements and, while the two agreements were entered into on the same date, it is the Loan Agreement which provides a basis for the Custodial Escrow Agreement. Though the incorporation of the Loan Agreement in the Custodial Escrow Agreement may require that the two agreements be construed together, to the extent there is an inconsistency between the indemnification provisions in the two agreements, the inconsistency must, in the Court's opinion, be resolved in favor of the Escrow Agent as the Escrow Agent is not a party to the Loan Agreement and the language of the indemnification provision in the Custodial Escrow Agreement is more narrow than the language of the indemnification provision in the Loan Agreement.

6

See *Farneth v. Windson Devel. Corp.*, 21 Va. Cir. 216, 217-18, 1990 LEXIS 290 (1990), quoting from *Hampton Roads Shipping Ass'n v. International Longshoremen's Ass'n v. International Longshoremen's Ass'n*, 597 F. Supp. 709 (E.D. Va. 1984) ("Where several writings are connected by internal references to each other even if they were executed on different dates and not among all of the parties, they will constitute a single contract as long as they involve the same subject matter and prove to be parts of the same contract."); and *Degler v. Lake Holiday Estates, Inc.*, 406 F. Supp. 367, 369 (W.D. Va. 1975), rev'd on other grounds, 556 F.2d 572 (4th Cir. 1977) (where the contract for the sale of land incorporated a HUD property report as part of the contract, the court stated: "this is consistent with the well established rule that `where a written contract refers to another instrument and makes the terms and conditions of such other instrument a part of it, the two will be construed together as the agreement of the parties.' 17 Am. Jur. 2d, *Contracts*, § 263 (1964). See *Cary v. Holt*, 120 Va. 261, 91 S.E. 188 (1917); *Pritchard, Contractor v. Nelson*, 147 F.2d 939 (4th Cir. 1945); 4B Michie's Jurisprudence, *Contracts*, § 49."). For these reasons, the demurrers to the request for attorney's fees are sustained.