## CIRCUIT COURT OF THE CITY OF RICHMOND

Thomas C. Tillar, Jr.,
trustee

v.

Clyde Jeffrey Stump,
Federated Mutual Ins. Co.,
and Federated Life Ins. Co.

July 3, 2013

Case No. CL12-2265

By Judge Melvin R. Hughes, Jr.

In this case, the Plaintiff, Thomas C. Tillar, Jr., successor trustee of the Tillar Irrevocable Trust for Thomas C. Tillar and Ruth W. Tillar, has brought claims against the former and initial trustee, defendant C. Jeffrey Stump alleging (1) breach of fiduciary duty, (2) breach of contract, (3) negligence, and (4) accountant malpractice seeking judgment in the amount of $800,000. Stump pleaded a demurrer[1] to four counts of the six count Complaint, which is before the Court for resolution, the parties having presented their argument on June 19, 2013. Following the argument, the Court took the case under advisement to study the trust instrument.

On demurrer, the court accepts all well pleaded facts and fair inferences from them for the purpose of determining whether a legally cognizable claim is asserted. *Hawthorne v. City of Richmond*, 253 Va. 283, 284-85, 484 S.E.2d 603, 604 (1997); *Russo v. White*, 241 Va. 23, 24, 400 S.E.2d 160, 161 (1991). The trust was created by Thomas and Ruth Tillar, husband and wife, in November 1999. Under a provision in the trust instrument, the Tillar Irrevocable Trust, Schedule A attached to the Complaint, the

---

[1] Defendant Federated Mutual did file a demurrer. Counts 1-4 of the Complaint are against defendant Stump, while Counts 5 and 6 are against the defendant insurance company.

trust was funded with an initial $10.00, the only trust asset at the time of creation. Later, the trust received additional funds after Thomas and Ruth surrendered an original life insurance policy issued by the co-defendant, Federated Insurance Company, for its cash value. The beneficiaries of the trust are Plaintiff, who is Thomas and Ruth's son, and, Elizabeth Kennedy Tillar, daughter and Thomas' sister. At the time of the trust's creation, Stump signed on as trustee.

In January 2000, Thomas and Ruth applied for and received from Federated a twenty-five year Last Survivor Life insurance policy with a face value of $800,000. Shortly thereafter, under provisions in the trust instrument for the acquisition and maintenance of insurance policies, Thomas and Ruth gave the policy to, and it was accepted by, the trust and it became trust property. Under the trust, any proceeds of insurance are to be paid to the trust upon the death of the last survivor between Thomas and Ruth for the benefit of Thomas, Jr., and Elizabeth. By January 2001, Stump paid $80,000 in insurance premiums on the trust's behalf.

In December 2002, Federated notified Stump that $24,983.86 was due for premiums but Stump remitted only $3,708.76, the balance remaining in the trust from the cash surrender. Following Thomas' death in December 2003, Plaintiff discovered, in 2011, that the policy had lapsed in 2009 due to lack of premium payment. After receiving Ruth Tillar's medical records, Federated declined to reinstate the $800,000 policy. Attempts to get coverage from other insurers also proved unsuccessful. Alleging that the trust "will not receive the $800,000 in life insurance proceeds upon his mother's death" for the beneficiaries . . . "[a]s a consequence of the actions and omissions of the defendants. . . ." (Stump and the insurer), Plaintiff asserts that the trust has been "damaged and seeks a judgment in the amount of $800,000.00." The demurrer will be sustained in part and overruled in part.

Plaintiff's first count alleges that Stump breached his fiduciary duty in that Stump failed to (1) pay the insurance premiums resulting in the lapse of the policy, (2) make any informed decisions regarding the Policy, (3) inform the beneficiaries of any significant events and circumstances . . . and (4) act with ordinary prudence. Under law, a trustee who "has special skills or expertise . . . shall use those skills or expertise." Va. Code § 64.2-768 and "[a] trustee shall take reasonable steps to take control of and protect the trust property." Va. Code § 64.2-771. The trust instrument states that the trustee may deal with insurance policies "as the owner." Article 4 of the trust instrument lists various powers that the trustee may exercise in his "sole and absolute discretion." However, pursuant to Va. Code § 64.2-776:

> Notwithstanding the breadth of discretion granted to a trustee in the terms of the trust, including the use of such terms as "absolute," "sole," or "uncontrolled," the trustee shall exercise discretionary power in good faith and in accordance

with the terms and purposes of the trust and the interests of the beneficiaries.

Stump primarily argues that Plaintiff has failed to state a legal claim for this and other breaches because he failed to allege resulting damages. Continuing, since Plaintiff has alleged that he would not receive the insurance proceeds until the death of his mother, who is living, plaintiff has not yet been injured and may never be, if the insured outlives the Policy's term. Stump also argues that, even if Plaintiff is damaged now, prior to the insured's death, that the amount Plaintiff is damaged is speculative because (1) he may never receive the benefits if his mother lives past the Policy term and (2) the premiums paid to maintain the Policy may have exceeded the value of it. Stump's argument, while innovative, fails because, in a light most favorable to Plaintiff, the Policy had some value in and of itself, for example, the fair market value of the policy, at the time Stump is said to have allowed it to lapse, and now, with the lapse, the Policy has no value. Furthermore, while Stump may have been gambling on the death of the settlors prior to the lapse of the policy, in a light most favorable to the Plaintiff, it may be inferred from Plaintiff's allegations that Stump knew or should have known that the assets in the Trust were insufficient to maintain the Policy and that Stump should have either (1) allowed the Policy to lapse without ever making a payment, and that, (2) since he did choose to fund it, he should have found an alternative way to maintain the Policy and was negligent for failing to do so. Fiduciaries are required to do those things which a person of reasonable intelligence and prudence would be expected to do in the management of his own affairs. *Harris v Citizen's Bank & Trust Co.*, 172 Va. 111, 125, 200 S.E. 652, 657 (1939). Accordingly, Stump's demurrer as to Count 1 will be overruled.

Count 2 alleges a breach of contract. A breach of a trust agreement is actionable. *Ward v. NationsBank, N.A.*, 256 Va. 427, 507 S.E.2d 616 (1998). Plaintiff alleges that Stump breached the trust agreement when he failed to (1) notify the settlors of the status of the Trust and the Policy, (2) respond to any notices regarding the Policy, and (3) failed to make any conscious or deliberate decisions regarding the Policy causing damages to the trust.

First, failing to notify the settlors is not a breach of the terms of the trust agreement. Pursuant to art. 11, § 4, of the Trust a trustee "shall not be required to furnish trust records . . . to any individual . . . that is not a beneficiary." However, failing to respond to any notices and failing to make decisions relative to benefits of the trust could be a violation of the trust agreement. For example, such an omission could violate art. 12, § 2, because the trustee "shall not exercise any power in a manner inconsistent with the beneficiaries' right to the *beneficial enjoyment of the trust property.*" (emphasis added). Failing to act to save trust property may be a breach of the trust agreement. For this and in other respects, Plaintiff has stated a claim for a breach of a trust agreement as a breach of contract. The trust

instrument grants to the trustee the power to borrow funds to pay premiums and assign the policy as security for a loan. See Article 4, section 1.a.

Count 3 asserts a claim of negligence. Such a claim must arise from an independent duty "[f]or the violation of certain common law and statutory duties involving the safety of persons and property, which are imposed to protect the broad interests of society." *Filak v. George*, 267 Va. 612, 618, 594 S.E.2d 610, 613 (2004). Here, Plaintiff alleges that Stump was negligent when he failed to maintain the trust property, the Policy, and that, by his negligence, the Policy lapsed. Stump, but for the trust agreement and the corresponding fiduciary duties, would not have had any duty to maintain the trust property. Thus it can be said that, "[b]ut for the existence of the [trust agreement], [Stump] would [not] have owed any fiduciary duty to [Plaintiff]. That certain . . . fiduciary duties arose by implication does not alter the result." *Augusta Mut. Ins. Co. v. Mason*, 274 Va. 199, 207, 645 S.E.2d 290, 295 (2007) (internal citation omitted) (breach of agency agreement is contract, not tort, notwithstanding fiduciary duties that arose from the agreement). Thus, Stump's demurrer to Count 2 will be sustained.

In Count 4, Plaintiff alleges professional malpractice. The elements of accountant malpractice are "(1) an accountant-client relationship giving rise to a duty, (2) the accountant breached the duty, and (3) the breach of that duty was a proximate cause of the claimed damages." *Forte v. Atkins*, 68 Va. Cir. 411, 412 (Loudoun 2005). In such a case, a duty arises, if at all, from the professional agreement. *Stanley v. Cobbe*, 83 Va. Cir. 51, 53 (Martinsville 2011) ("The source of duty must emanate from the professional agreement."). Here, the only agreement alleged to exist is the trust agreement. A professional agreement has not been alleged. Accordingly, Stump's demurrer to Count 4 will be sustained.

Thus, defendants' demurrer is sustained in part and overruled in part. Plaintiff will have ten days from the entry of an implementing order in which to file an amended complaint, and Defendants will have five days in which to file any responsive pleading(s).