# CIRCUIT COURT OF ROANOKE COUNTY

Richard Schilling
and Barbara Schilling

v.

Norfolk Southern Ry. Co.

November 23, 2013

Case No. CL11-1047

BY JUDGE CLIFFORD R. WECKSTEIN

The court has before it demurrers and special pleas filed by the defendant, Norfolk Southern Railway Company ("NS"). Although the parties have written extensively about the governing rules and underlying facts, the court's rulings are, necessarily, more circumscribed. My analysis begins with an observation that the Supreme Court of Virginia made in 1999:

> Before embarking upon an analysis of the issues in this appeal, a comment on the state of the appellate record is necessary. The litigation has been pending for more than six years. The manuscript record of the two cases contains 913 pages, excluding exhibits, reports of experts, and transcripts of depositions and hearings. The record contains extensive discovery material and affidavits of witnesses. We mention this glut of information in a matter decided on the pleadings to point up the fact that the record contains a profusion of facts that are not included in the plaintiffs' motions for judgment. Yet the parties on brief argue the issues as if all the facts outside the pleadings are properly before this Court; they are not.

*Breeding v. Hensley*, 258 Va. 207, 211, 519 S.E.2d 369, 371 (1999); see *Riverside Healthcare Ass'n v. Forbes*, 281 Va. 522, 534, 709 S.E.2d 156, 163 (2011).

## Background

The Constitution of Virginia provides that "no person shall be deprived of his . . . property without due process of law [and] the General Assembly shall not pass . . . any law whereby private property shall be taken or damaged for public uses, without just compensation." Constitution of Virginia, Art. I, § 11. As the Supreme Court of Virginia recently explained:

> Where a property owner believes that his property has been taken or damaged within the meaning of this Constitutional provision and compensation has not been paid, the remedy afforded by statute is for the property owner to file a complaint for declaratory judgment to determine the compensation to be paid. Code § 8.01-187.

*Byler v. Virginia Elec. & Power Co.*, 284 Va. 501, 506, 731 S.E.2d 916, 919 (2012).

This is such a suit.

## The Complaint

In their complaint for declaratory judgment against NS, plaintiffs Richard and Barbara Schilling allege that they own land in Roanoke County, Virginia; that Appalachian Power Company ("APCO"), a public utility, erected electrical transmission towers and lines on land "abutting and in proximity to" the Schillings' property; that the land on which APCO constructed its towers and transmission lines lies between the Schillings' property and a rail line operated by NS; that, in erecting the power line, APCO cleared that land, "cutting down and uprooting trees that insulated the [Schillings'] home from the damaging effects of Norfolk Southern's public use of property for its rail operations, which includes transporting large quantities of coal"; that "[s]ince APCO cleared the land," the Schillings' property "has experienced noise and vibration as well as the discharge of smoke, dust, dirt, and other particulates from the rail line onto the [plaintiffs'] property."

Based upon these factual allegations, the Schillings assert that NW's operation of the rail line "now constitutes a nuisance"; that the operation of the rail line is a "public use," and that the Schillings' property has been damaged "pursuant to a public use"; that they are entitled to entry of a declaratory judgment saying so and to a determination of just compensation, attorneys' fees, and costs. (The Schillings originally sued APCO, as well as NS. They have nonsuited the claims against APCO. See Va. Code § 8.01-380.)

## The Demurrers And How They Must Be Read

In one of its demurrers, NS averred that the plaintiffs' claim is preempted by the Interstate Commerce Commission Termination Act (ICCTA), 49 U.S.C. § 1051(B). The railroad has asked the Surface Transportation Board to issue a declaratory order on the preemption question, and, by separate motion, asked this court to stay proceedings pending the Board's opinion. This court denied the motion to stay and overruled the portion of the demurrer based on the ICCTA. See, e.g., *Suchon v. Wisconsin Cent., Ltd.*, No. 04-C-0379C, 2005 U.S. Dist. LEXIS 4343 (W.D. Wis. Feb. 23, 2005); *Mark Lange*, STB Finance Docket No. 35037 (Jan. 24, 2008). Although the preemption argument is raised by demurrer, it effectively asks the court (a) to consider facts other than those alleged in the plaintiffs' complaint and (b) to draw factual inferences in the light most favorable to the railroad. The court cannot do either. See *Friends of the Rappahannock v. Caroline County Bd. of Supervisors*, 286 Va. 38, 44, 743 S.E.2d 132, 135 (2013).

"A demurrer, of course, tests the legal sufficiency of the [complaint]. Thus, the trial court, and this Court upon review, are confined to the facts alleged when analyzing the pleading; no consideration properly can be given to additional facts that may be asserted on brief or during oral argument." *Elliott v. Shore Stop, Inc.*, 238 Va. 237, 239-40, 384 S.E.2d 752, 753 (1989). In its memoranda, and in oral argument, NS discusses the age of the rail line and the legal effect (if any) of whether the roadbed was condemned before or after a 1909 amendment to the state constitution. It attaches to its memoranda photostats of (apparently) extracts from circuit court records showing when the land was condemned; it bases a plea of the statute of limitations upon the date that the rail line originally was built and bases other arguments on assertions (or assumptions) about what has (or has not) happened to the land in question during the last century or two. The Schillings respond in kind. None of those factual assertions, however, are contained in the complaint No stipulations are before the court. The court has not been asked to take oyer of any documents. These are things that the court cannot consider.

### Conclusion

Taking as true the facts well-pleaded, and ignoring the assertions of fact not contained in the complaint, the court overrules the railroad's demurrers and denies its special pleas, all without prejudice to the right to raise similar arguments at appropriate stages of the case.